IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:   LEVINE, DAVID ANDREW
         LEVINE, MONICA LARSON                              BK. NO. 3:19-bk-1048

_____

Thomas H. Fluharty, Trustee of
    the Bankruptcy Estate of David Levine and
    Monica Levine,

         Plaintiff,

Martin P. Sheehan, Trustee of
    the Bankruptcy Estate of Geostellar, Inc.,

         Co-Plaintiff,

         v.                                                 AP No. 21-ap-___

Philadelphia Indemnity Insurance Company
and David A. Levine,

Defendants.

## MOTION FOR PRELIMINARY INJUNCTION

Thomas H. Fluharty, as Trustee for the Bankruptcy Estate of David A. Levine, and Martin Sheehan, as Trustee for the bankruptcy estate of Geostellar, moves this Honorable Court for a Preliminary injunction in this proceeding for Declaratory Judgment and Injunctive Relief to enjoin Philadelphia Indemnity Company from attempting to exercise dominion and control over an asset of the Bankruptcy Estate of David A. Levine herein, by failing to make a reasonable offer of settlement, or engage in meaningful settlement negotiations, without the consent of David A. Levine, in that certain "underlying" Adversary Proceeding, to wit: *In re: Geostellar, Inc,* Bankruptcy No. 3:18-BK-0045, *Martin P. Sheehan, Trustee of the Bankruptcy Estate of Geostellar, Inc., v. David A. Levine, and Indeco Union, a Delaware corporation,* Case No. 3:19-AP-0024, Northern District of West Virginia; based on its belief or contention that David Levine,

{00187638.1}

individually, has the right to refuse or grant "consent" to settle said underlying adversary proceeding, rather than the Trustee in Bankruptcy of his estate, Thomas H. Fluharty.

Said Motion is based on that certain policy of insurance, issued by the Philadelphia indemnity Company, for and on behalf of Geostellar, and which insurance policy is attached as exhibit 1 to the instant Verified Complaint for Declaratory Judgement and Injunctive Relief, and Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction, attached hereto and incorporated by reference herein.

/s/ Thomas H. Fluharty
Thomas H. Fluharty, Esq.
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832
*for the Trustee of the Bankruptcy Estate
of David Levine and Monica Levine*

/s/ Martin P. Sheehan
Martin P. Sheehan, Esq.
WV State Bar No. 4812
SHEEHAN & ASSOCIATES, PLLC
1 Community Street, Ste 200
Wheeling, WV 26003
P: (304) 232-1064
sheehanparalegal@wvdsl.net

/s/ Patrick S. Cassidy
Patrick S. Cassidy, Esq.
(WV State Bar No. 671)
Timothy F. Cogan, Esq.
(WV State Bar No. 764)
CASSIDY, COGAN,
SHAPELL & VOEGELIN, L. C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
P: (304) 232-8100
F: (304) 232-8200
pcassidy@walslaw.com
tfc@walslaw.com
*for the Trustee of the Bankruptcy Estate
of Geostellar, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:   LEVINE, DAVID ANDREW
         LEVINE, MONICA LARSON            BK. NO. 3:19-bk-1048

_____

Thomas H. Fluharty, Trustee of
   the Bankruptcy Estate of David Levine and
   Monica Levine,

         Plaintiff,

Martin P. Sheehan, Trustee of
   the Bankruptcy Estate of Geostellar, Inc.,

         Co-Plaintiff,

         v.                                 AP No. 21-ap-___

Philadelphia Indemnity Insurance Company
and David A. Levine,

         Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In support of their Motion for Preliminary Injunction, Plaintiffs Martin P. Sheehan, Trustee of the Bankruptcy Estate of Geostellar, Inc., by his counsel Patrick S. Cassidy and Timothy F. Cogan and CASSIDY, COGAN, SHAPELL & VOEGELIN, L.C. and Martin P. Sheehan, Esq., and Sheehan & Associates, PLLC and, Thomas H. Fluharty, Trustee of the Bankruptcy Estate of David Levine and Monica Levine, by his attorney, Thomas H. Fluharty, Esq., state as follows:

{00187637.1}                                1

On April 26, 2018, the United States Bankruptcy Court for the Northern District of West Virginia entered an order converting the bankruptcy case of Geostellar, Inc., from a case under Chapter 11 to a case under Chapter 7.

As a consequence of conversion to Chapter 7, Martin P. Sheehan was appointed as the interim Chapter 7 Trustee. In that capacity, Martin P. Sheehan is the successor in interest to all legal and equitable interests of the Corporation at the time of filing of the case, pursuant to 11 U.S.C. § 541(a)(1) and to such additional rights as are contained in 11 U.S.C. § 541(a).

A meeting of creditors was held in the Chapter 7 case on May 24, 2018. No request for an election of an alternate trustee was made. When the meeting of creditors concluded, Martin P. Sheehan became the permanent Chapter 7 Trustee of the Bankruptcy Estate of Geostellar, Inc., pursuant to 11 U.S.C. § 704(d). He remains the successor in interest to all legal and equitable interests of the Corporation at the time of filing of the case, pursuant to 11 U.S.C. § 541(a)(1) and to such additional rights as are contained in 11 U.S.C. § 541(a). In such capacity, Trustee Sheehan is one of the Plaintiffs herein.

Thomas H. Fluharty is Co-Plaintiff and Trustee of the Bankruptcy Estate of David A. Levine and Monica Levine.

Pursuant to 11 U.S.C. § 704(a)(1), a Chapter 7 Trustee is to collect and reduce to money property of the Bankruptcy Estate as expeditiously as possible. *In re: Hutchinson,* 5F.3d 750 (4th Cir. 1993) the Court of Appeals for the Fourth Circuit identified doing so promptly was among the most important duties of a Chapter 7 Trustee. Prompt resolution of issues pertaining to insurance policies would aid the ability of both of the Chapter 7 Trustees to perform their statutory functions. Under the circumstances of this case, delay constitutes irreparable harm for which an adequate remedy at law does not exist.

The issuance of a preliminary injunction is governed by the standards set forth by the Supreme Court of the United States in *Winter v. Natural Resources Defense Council, Inc.,* ___ U.S. ___, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008) and by the Court of Appeals for the Fourth Circuit in *Real Truth about Obama v. Federal Election Comm'n,* 575 F.3d 342 (4th Cir. 2009) vacated --- U.S. ----, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010) and on reconsideration, *The Real Truth About Obama, Inc. v. Federal Election Comm'n,* 607 F.3d 355 (4th Cir. 2010). Those are a) likelihood of success on the merits by the Plaintiff, b) likelihood of irreparable harm to the Plaintiff, c) that the balance of equities tips in favor of the Plaintiff and, d) that an injunction is in the public interest.

## II.   ARGUMENT

### A.   Standard of Review

Plaintiff seeks a preliminary injunction to prevent ongoing, irreparable injury. See generally *In re Quigley Co., Inc.,* 323 B.R. 70, 74 (S.D. N.Y. 2005) declining review of injunctive order issued by bankruptcy court as interlocutory.

All four relevant factors weigh heavily in Plaintiff's favor: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Nat. Res. Dep't Cent.*, 555 U.S. 7, 20 (2008) and *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019).

Upon the authority of *Olah v. Barid,* 567 F.3d 1207 (10th Cir. 2009), Trustee Plaintiff's assert that they are likely to succeed on the merits, in "…that the power to consent, as outlined herein, is property of the Bankruptcy Estate of David and Monica Levine."

Trustees urge that the delay occasioned by the recent issue of who owns the right to give or withhold consent for settlement of the underlying suit demonstrates irreparable harm, were the

relevant policy of insurance that Debtor Geostellar purchased from Philadelphia Indemnity Company is an "eroding" limits policy, which means that further litigation resulting in the underlying case from the Philadelphia's refusal to settle or engage in reasonable settlement negotiations based on its position on who "owns" the consent provisions of the policy actually reduces the "limits" of the applicable insurance policy, by increasing unnecessary and/ or futile continued defense of said underlying claim.  Conversely, Defendant will not be irreparably harmed, because assuming Philadelphia Indemnity Company is not acting in bad faith in colluding with David Levine in refusing to settle this case, it makes no difference to it who gives or withholds consent with respect to the underlying suit.  Neither can Levine, who has already benefited from discharge in bankruptcy so as to be immune himself from any monetary damages personally as a result of the underlying suit, argue that he will irreparably harmed by Trustee's Fluharty's substitution for him. Nor can he be, where Trustee Fluharty has acceded to all his real and personal property rights. *See In re: Baird, supra,* (holding that once a Defendant files for bankruptcy, the right to approve a settlement under an insurance policy is an asset of the Bankruptcy Estate pursuant to 11 U.S.C. § 541 and passes to the Bankruptcy Estate of the Defendant, and may be administered by the Trustee, including by assignment, as the business judgment of the Trustee dictates).  Levine essentially has no stake in the issue at hand, yet is able, given his lack of consent, and the insurance company's concurrence with him that he retains such right, to bring Trustee's underlying Adversary Proceeding to a halt, or in the alternative allow continued unnecessary defense fees and costs that "erodes" the limits of the policy in a claim brought on behalf of all the creditors of the Bankrupt estate.

     Finally, it is in the public interest to ensure that the duties set forth in the statute and case law is followed.  *Cf. See Winter v. Nat. Res. Dep't Cent.*, *supra*, re declination to issue preliminary

injunction because of the public interest. To repeat, the Chapter 7 Trustee bears a duty to "promptly" administer cases. *See In re Hutchinson,* 5 F.3rd 750 (4th Cir. 1993) as well as *11 USC 704* has determined that pipeline construction will advance the congressional purposes behind that Act and "serve the public interest," making available to consumers an adequate supply of natural gas at reasonable prices. 361 F.3d at 830. It follows, we reasoned, that granting a gas company immediate access to necessary easements during the pendency of condemnation proceedings likewise would advance the public interest, because a "delay in construction would postpone these benefits." *Mountain Valley Pipeline, LLC v. W. Pocahontas Properties Ltd. Partnership,* 918 F.3d at 367, Plaintiff Trustee also submits that **A Bond is Not Necessary in this Case.** This Court has discretion to and should waive FRCP 65(c)'s bond requirement. *See e.g., Pashby v. Delia*, 709 F.3d 307, 331-32 (4th Cir. 2013). The preliminary injunction will result in no monetary loss for Defendants. Indeed, it will save money available to the Estate.

### III.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court issue a preliminary injunction to enjoin Defendant Philadelphia Indemnity Insurance Company from requiring the personal consent of David A. Levine instead of the consent of Thomas H. Fluharty.

*/s/* Thomas H. Fluharty_____
Thomas H. Fluharty, Esq.
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832
*for the Trustee of the Bankruptcy Estate of David Levine and Monica Levine*

*/s/* Martin P. Sheehan_____
Martin P. Sheehan, Esq.
WV State Bar No. 4812
SHEEHAN & ASSOCIATES, PLLC
1 Community Street, Ste 200

Wheeling, WV 26003
P: (304) 232-1064
F: (304) 232-1066
sheehanparalegal@wvdsl.net

*/s/* Patrick S. Cassidy_____
Patrick S. Cassidy, Esq.
(WV State Bar No. 671)
Timothy F. Cogan, Esq.
(WV State Bar No. 764)
CASSIDY, COGAN,
SHAPELL & VOEGELIN, L. C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
P: (304) 232-8100
F: (304) 232-8200
pcassidy@walslaw.com
tfc@walslaw.com
*for the Trustee of the Bankruptcy Estate of Geostellar, Inc*

{00187637.1}                              6