IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: GEOSTELLAR, INC.      BK. NO. 3:18-BK-0045

MARTING P. SHEEHAN, Trustee of the
Bankruptcy Estate of Geostellar, Inc.,

       Civil No. 3:19-ap-00024

    Plaintiff,

v.

DAVID A. LEVINE, and
INDECO UNION, a Delaware Corporation,

    Defendants.

### DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AND STRIKE

While Plaintiff attempts to confuse the issues (and improperly asserts many new facts outside the Complaint), none of its arguments enables it to escape the plain fact that its claims are improperly brought and must be dismissed. Not only does Plaintiff's own arbitration clause bar it from bringing this Complaint, but many of these claims are inadequately pled, and others are prohibited by binding West Virginia law. Accordingly, Defendant's motion should be granted.

### ARGUMENT

**I.    Arbitration Clause**[1]

      A.   This Suit Can Be Arbitrated

In an effort to escape the arbitration clause that it signed, Plaintiff contradicts its own Complaint by arguing that this suit is a "core" part of Plaintiff's bankruptcy action. (Resp. Mot. Dismiss 2-3. *But see* Compl. 2 ¶ 7 ("This is a non-core proceeding.").) Plaintiff relies on *Moses*

---

[1] Plaintiff does not contend that the arbitration clause's exclusion for claims arising under the Assignment of Inventions Agreement ("AIA") applies, but instead admits that "[t]here is no dispute in Plaintiff's Complaint about the Assignment of Inventions Agreement." (Resp. Mot. Dismiss 4.) This admission moots Defendants' arguments regarding the AIA, which were brought in the alternative in case the Court found that the AIA exclusion applied.

1

*v. CashCall, Inc.*, wherein the Fourth Circuit held that claims that bankruptcy courts must submit claims to arbitration unless they are constitutionally core claims. 781 F.3d 63, 71 (4th Cir. 2015) (per curiam). This distinction between constitutionally and statutorily core claims is vital: "when a bankruptcy court is faced with a claim that is *statutorily* core but *constitutionally* non-core—a so-called 'Stern claim'—it must treat the claim as if it were statutorily non-core." *Id.* at 70 (citing *Stern v. Marshall*, 564 U.S. 462 (2011)).

Plaintiff's sole basis for asserting, contrary to its own Complaint, that its claims here are core claims is that this suit "may be considered a 'counterclaim'" to Mr. Levine's claim for wages from the bankruptcy estate. (Resp. Mot. Dismiss 3.) Notably, Plaintiff does not even argue that this suit *is* a counterclaim, only that "it may be considered" one. (*Id.*) Regardless, the Supreme Court has held that a counterclaim is not constitutionally core if it is a claim "'which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.'" *Stern*, 564 U.S. at 488 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284 (1856)). In *Stern*, the Supreme Court held that the counterclaim before it was not a core claim because it was "one under state common law between two private parties." *Id.* at 493. Likewise, all of Plaintiff's claims here are undisputedly claims under state common law between private parties. Because these claims cannot be logically distinguished from the constitutionally non-core claim in *Stern*, binding authority requires that they be submitted to arbitration. *See Moses*, 781 F.3d 63.

### B. <u>Plaintiff Admits the Arbitration Clause Applies to the Breach of Contract Claim</u>

Plaintiff concedes that the arbitration clause covers their breach of contract claims.[2] (Resp. Mot. Dismiss 2, 5-6.) Accordingly, these claims should clearly be dismissed in favor of arbitration.

---

[2] Plaintiff does not appear to dispute that any claims that are arbitrable with respect to Mr. Levine are similarly arbitrable with respect to Indeco Union. (*See* Resp. Mot. Dismiss 6-7 (treating the question regarding the scope of the arbitration clause as being the same for both Defendants).) *See generally Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 373 (4th Cir. 2012).

### C. The Arbitration Clause also Applies to the Fraud, Breach of Fiduciary Duty, and Conspiracy Claims

The arbitration clause broadly covers "any and all disputes, claims, or causes of action, in law or equity, arising from or relating to the enforcement, breach, performance, or interpretation of this Agreement, [Mr. Levine]'s employment, or the termination of [Mr. Levine]'s employment." (Compl. Ex. A at 11 ¶ 7.11.) In construing phrases such as "arising out of or relating to," "[b]oth the Supreme Court and [the Fourth Circuit] have characterized [such] formulations to be broad arbitration clauses capable of an expansive reach." *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996) (collecting cases). Contrary to Plaintiff's contentions, such a "clause does *not* limit arbitration to the literal interpretation or performance of the contract. It embraces every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988) (emphasis added). Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Here, the arbitration clause not only covers claims "arising from or relating to" the Employment Agreement, but also encompasses claims "arising out of or relating to" Mr. Levine's employment or termination. (Compl. Ex. A at 11 ¶ 7.11.) It cannot be denied that all of Plaintiff's claims relate to Mr. Levine's employment by Geostellar. In response to this clear fact, the only argument Plaintiff can muster is that the arbitration clause should be limited to claims based on duties imposed by the Employment Agreement, and not duties stemming from other sources. (Resp. Mot. Dismiss 3-4, 6-7.) Plaintiff cites no authority for this supposed rule, which flatly violates both the above-cited standards and the consistent practice of the courts. *See, e.g.*, *J.J. Ryan & Sons*, 863 F.2d at 316-17 (holding that the following claims were all arbitrable: "(I) civil

3

conspiracy, (II) unfair trade practices, (III) intentional and tortious interference with contract, (IV) conversion, (V) abuse of process, (VI) libel, (VII) defamation, and (VIII) injurious falsehood"). Because all of Plaintiff's claims arise from or relate to Mr. Levine's employment, (Compl. Ex. A at 11 ¶ 7.11), binding authority requires that they be dismissed in favor of arbitration.

## II.  Standing

Plaintiff has also failed to show why they can pursue action based on alleged harm to third parties. Although Plaintiff notes that Matador Solar Partners, Inc. has become involved in the bankruptcy case, it does not contend (nor can it) that it has had to pay any judgment to Matador based on Defendants' alleged wrongdoing.[3]  As a minimum, the Court should find the allegations concerning Matador to be unripe, lest Plaintiff receive a windfall in the form of compensation for a feared judgment that it never actually has to pay.  Moreover, Plaintiff does not dispute that it lacks standing to assert claims of injury to unknown investors in Mr. Levine's cryptocurrencies. (*See* Compl. 7-9 ¶¶ 29-30, 34, 38-42.)

## III.  Failure to State a Claim

### A.  Plaintiff Does Not Deny that It Has Not Stated Claims Against Indeco Union for Breach of Contract, Fraud, and Breach of Fiduciary Duty

Plaintiff does not deny that it has made no allegations whatsoever to support its claims against Indeco Union for breach of contract, fraud, and breach of fiduciary duty. (*See* Resp. Mot. Dismiss 9-16.)  Accordingly, this portion of Defendants' motion should be granted as unopposed.

### B.  The Complaint Fails to State Claims of Fraud and Breach of Fiduciary Duty Against Mr. Levine

Plaintiff's claims against Mr. Levine for fraud and breach of fiduciary duty fail because Plaintiff has not satisfied the heightened pleading standard for fraud and because both claims are

---

[3] The only relief Matador has received is recovering the IP on the basis of its security interest therein. (*See* Order Granting Motion for Relief from Stay, Bankr. ECF No. 135.)

improperly duplicative of Plaintiff's breach of contract claim.

The law is clear that a party alleging fraud must, "at a minimum, describe the time, place, ***and contents*** of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 705 (4th Cir. 2018) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)) (emphasis added) (internal quotation marks omitted); *see* Fed. R. Civ. P. 9(b) (creating this standard). Plaintiff argues that it has satisfied this standard with its summary allegations regarding Mr. Levine's supposed statements. (Resp. Mot. Dismiss 10-11.) Notably, Plaintiff misquotes its own Complaint, citing several alleged statements to non-parties as though they were made to Geostellar. (*Compare id. with* Compl. 7-9 ¶¶ 29-39.) The only allegations asserting statements ***to Geostellar*** are as follows:

> 31. A presentation was made to the Board of Directors of Geostellar, Inc., by David Levine on September 21, 2017 concerning the development of the cryptocurrency to be known as Zydeco. That presentation described how funds could be generated for the benefit of Geostellar, Inc., through development and distribution of a cryptocurrency.
> 32. In that document [sic], some relationship was identified between the cryptocurrency and a watt of solar energy and further that the cryptocurrency being developed by Geostellar, Inc., had some intrinsic value because of this relationship.

(Compl. 7 ¶¶ 31-32.) Neither of these paragraphs satisfies the requirements of Rule 9.

Paragraph 31 only alleges that Mr. Levine "described how funds could be generated for the benefit of Geostellar, Inc., through development and distribution of a cryptocurrency." (*Id.* at 7 ¶ 31.) Unless Plaintiff takes the position that the development and distribution of a cryptocurrency could ***never***, under any circumstances, generate funds, this allegation does not indicate any false statements by Mr. Levine. To the extent Plaintiff believes Mr. Levine lied about the details of how the cryptocurrency could generate funds, Plaintiff must allege those details.

Meanwhile, Paragraph 32 is even worse, referring to a document of unspecified date,

5

authorship, and recipients. (*Id.* at 7 ¶ 32.) Even assuming that this paragraph is meant to refer to a document accompanying the presentation, the only allegations regarding its content consist of general statements about "some relationship" between the cryptocurrency and solar energy without specifying the nature or mechanisms of this claimed relationship. (*Id.*) And while Plaintiff alleges that no such relationship could ever exist, presumably as a general economic rule, Plaintiff does not allege that Mr. Levine knew of this alleged economic fact when Plaintiff's board members presumably did not. (*Id.* at 7 ¶ 33.) Plaintiff's vague allegations that Mr. Levine made some general economic error that Plaintiff's board also made are insufficient to support a fraud claim.

Regardless, both Plaintiff's fraud claim and its breach of fiduciary duty claim are barred as a matter of law by West Virginia's "gist of the action" doctrine. As noted, this doctrine applies "when ***any*** of the following factors is demonstrated: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) ***when the tort claim essentially duplicates the breach of contract claim*** or where the success of the tort claim is dependent on the success of the breach of contract claim." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 231 W. Va. 577, 586, 746 S.E.2d 568, 577 (2013) (emphasis added)

As Defendants noted in their opening brief (Memo. Supp. Mot. Dismiss 11-12), the *Gaddy* standard is satisfied here because Plaintiff's tort claims essentially duplicate the breach of contract claim. Notably, Plaintiff does not even attempt to deny this reality. (*See* Resp. Mot. Dismiss 11-14 (instead focusing exclusively on the *other* potential grounds for applying the doctrine).) Nor can it, as the Complaint expressly ties these claims together: Every time the Complaint alleges that an act constituted fraud or breach of fiduciary duty against Geostellar, it also alleges that that act constituted a breach of contract. (*See* Compl. 8-11 ¶¶ 35-36, 42, 45, 50, 53, 57 (all stating some

6

variant of "These actions were in breach of Mr. Levine's contractual and other fiduciary duties and defrauded Geostellar."); Compl. 12 ¶¶ 60-61 (alleging that Mr. Levine acted "in violation of [his] contractual and fiduciary duties"))[4] This fact alone is sufficient to require the application of the "gist of the action" doctrine. *See Gaddy Eng'g*, 231 W. Va. at 586, 746 S.E.2d at 577 (stating that the doctrine applies where "any" of these scenarios are present). Because it is undisputed that the fraud and breach of fiduciary duty claims against Mr. Levine "essentially duplicate[] the breach of contract claim," *id.*, the "gist of the action" doctrine requires dismissal of these claims.

### C. Plaintiff's Conspiracy Claim Is Barred Because a Corporation Cannot Conspire with its own Constituent

Finally, Plaintiff cannot reasonably deny that its conspiracy claim is barred by the intracorporate immunity doctrine. *See Princeton Ins. Agency, Inc. v. Erie Ins. Co.*, 225 W. Va. 178, 187, 690 S.E.2d 587, 596 (2009) ("It is axiomatic that . . . a corporation cannot conspire with its own employees."). Plaintiff first seems to ask the Court to disregard binding precedent by discarding this doctrine wholesale, warning that this doctrine "marks a clever way for someone to insulate him or herself: create another corporation to" conspire with. (Resp. Mot. Dismiss 15.) However, an even cleverer way to insulate oneself from a conspiracy claim is to ***not*** create such a corporation and take all the relevant actions on one's own, since the actions of a single person obviously cannot constitute a conspiracy. Thus, Plaintiff's argument here is meaningless.

Meanwhile, Plaintiff's *legal* arguments on this issue consist solely of citing (1) a Delaware case discussing an aiding and abetting claim that was explicitly ***not*** brought against the entity or its officers and directors, and (2) a Louisiana case distinguishing "between a partially owned subsidiary and a wholly owned subsidiary." (*Id.* at 15-16.) Plaintiff does not even attempt to apply

---

[4] The sole exception is the claim in Paragraph 37 that the creation of Indeco Union's predecessors "further defrauded Geostellar." (Compl. 8 ¶ 37.) However, this allegation is clearly tied to the previous two paragraphs, which allege that these actions constituted a breach of contract.

these cases to the present facts, and, indeed, they are wholly irrelevant.[5] That Plaintiff scoured the country and could not find a single case that is even marginally relevant to its position speaks volumes. Instead, the law is clear that the intracorporate immunity doctrine bars Plaintiff from claiming that Indeco Union conspired with its own officer, Mr. Levine. *See Princeton Ins. Agency*, 225 W. Va. at 187, 690 S.E.2d at 596. This authority requires the conspiracy count to be dismissed.

## CONCLUSION

Plaintiff's own arbitration clause requires that these claims be arbitrated. And even if it did not, Plaintiff's claims of fraud and breach of fiduciary duty against Mr. Levine are barred by the gist of the action doctrine because they are based on the same facts as the contract claim (and the claim of fraud is insufficiently pled), Plaintiff's conspiracy claim is barred by intracorporate immunity because a corporation cannot conspire with its own constituent, and Plaintiff does not deny that its claims against Indeco Union for breach of contract, breach of fiduciary duty, and fraud are all baseless. Accordingly, Defendant's Motion to Dismiss and Strike should be granted.

Dated: September 20, 2019            Respectfully submitted,

**DAVID A. LEVINE**
**INDECO UNION**

*By Counsel*

*/s/* Cortland C. Putbrese
Cortland C. Putbrese (WV Bar No. 7780)
Dunlap Bennett & Ludwig PLLC
8003 Franklin Farms Drive, Ste. 220
Richmond, Virginia 23229
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com
*Counsel for Defendants*

---

[5] Plaintiff's sole attempt to make these cases relevant consists of stating that they "limited the doctrine" of intercorporate immunity. (*Id.* at 16.) However, Plaintiff does not argue that any state, much less West Virginia, has placed a limitation on this doctrine that relates to the facts here.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

*/s/* Cortland C. Putbrese
Cortland C. Putbrese (WV Bar No. 7780)
Dunlap Bennett & Ludwig PLLC
8003 Franklin Farms Drive, Ste. 220
Richmond, Virginia 23229
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com
*Counsel for Defendants*