IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

GEOSTELLAR, INC.,

       Debtor.

_____

MARTIN P. SHEEHAN, TRUSTEE,

       Plaintiff,

    v.

DAVID ANDREW LEVINE,

       Defendant.

Bankruptcy Case No. 18-00045
Chapter 7


Adversary Proceeding No 19-00024

**OBJECTIONS AND MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION  FOR LEAVE TO FILE AMENDED COMPLAINT**

AND NOW comes the Defendant, DAVID ANDREW LEVINE, in the Adversary

Proceeding Only, by and through his attorneys, Zimmer Kunz, PLLC, and files the within

Objections and Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File

Amended Complaint.

## I.     PROCEDURAL BACKGROUND

Plaintiff Martin P. Sheehan, as Trustee of the Bankruptcy Estate of Geostellar, Inc.,

initiated this adversary case ancillary to Defendant David Andrew Levine's bankruptcy

proceedings on May 20, 2019.  Mr. Levine and then-Defendant Indeco Union filed a Motion to

Dismiss Adversary Proceeding or in the alternative Motion to Strike on August 23, 2019. Plaintiff

submitted a Response to Defendants' Motion to Dismiss on September 12, 2019.  On September

20, 2019, Defendants filed a Reply Memorandum in Support of their Motion to Dismiss and Strike.

The Court took the matter under advisement and issued a Memorandum Opinion on February 7, 2020. A true and correct copy of this Memorandum Opinion is attached herein as Exhibit "A". The Court determined that pursuant to an employment agreement between Mr. Levine and Geostellar, Inc., all claims against Mr. Levine should be transferred to arbitration. However, the Court also issued an Order holding final ruling on Defendants' Motion to Dismiss in abeyance until after the February 21, 2020 deadline for filing proofs of claim against Mr. Levine in his Chapter 13 bankruptcy case.

Once this deadline passed, the Court issued an Order directing the parties to supplement their original briefing to Defendants' Motion to Dismiss. Defendants filed their Supplement Brief in Further Support of Motion to Dismiss and Strike on March 31, 2020, and Plaintiff's filed their Brief Opposing Arbitration on April 30, 2020. A telephonic hearing on Defendants' Motion to Dismiss was held on March 4, 2021. Defendant Indeco Union was dismissed from this action via Agreed Order entered on May 3, 2021. Without making a final determination on Defendants' Motion to Dismiss, this Court directed the parties to participate in Mediation on May 3, 2021. Mediation was in fact conducted before United States Magistrate Judge Michael J. Aloi on July 20, 2021, but was unsuccessful in resolving this action.

Although Defendants' Original Motion to Dismiss remains outstanding, Plaintiff's filed a Motion for Leave to File Amended Complaint on August 4, 2021.

## II.    FACTUAL BACKGROUND

### A.  Plaintiff's Original Complaint

Geostellar describes its business as using proprietary software to provide people seeking to install solar power systems with information on vendors, installers, and lenders. Compl. ¶12. Geostellar claims that prior to the alleged improper actions of Mr. Levine, it was covering

expenses, but not generating profits, by arranging thirty installation projects per month. Compl., ¶12. Despite admitting that it was not generating no net profits, Geostellar claims that continuing in this way would have somehow enabled it to raise additional capital and obtain other financing to eventually cause profitability. Compl., ¶15.

At all relevant times, Mr. Levine was serving primarily as Chief Executive Officer for Geostellar pursuant to a formal Employment Agreement dated July 28, 2016. Compl., ¶¶16-18, Ex. A. Pursuant to Section 7.11 of this Employment Agreement,

> any and all disputes, claims, or causes of action, law or equity, arising from or relating to the enforcement, breach, performance, or interpretation of this Agreement, the Executive's employment, or the termination of the Executive's employment, shall be resolved, to the fullest extent permitted by law, by final, binding and confidential arbitration . . .

Compl., Ex. A at 11.  Plaintiff alleges that in July 2017, in his role as CEO, Mr. Levine improperly "changed the focus of Geostellar, Inc." from working on the installation of solar power, which continued to remain unprofitable, to the development of a cryptocurrency called Zydeco. Compl., ¶¶26-28.  Mr. Levine made a presentation for Geostellar's Board of Directors explaining Zydeco and how it would benefit Geostellar. Compl., ¶31. On September 25, 2017, Mr. Levine founded Applied Philosophy Lab, P.B.C. (hereinafter "APL").  Compl., ¶35. Plaintiff alleges that APL was created to develop cryptocurrency backed by a variety of assets. See Compl., ¶58. On November 3, 2017, Mr. Levine founded Indeco, LLC as a subsidiary of APL. Compl., ¶¶36, 58. Plaintiff claims that although Mr. Levine stated that Geostellar would license its intellectual property to APL or Indeco, LLC, no such license agreement ever existed and was in fact rejected by the Board of Directors for Geostellar. Compl., ¶¶40-41.

Plaintiff claims that in November 2017, Mr. Levine terminated Geostellar's employees and rehired them to work for Indeco the next day. Compl., ¶¶51-52. Geostellar further claims that in November 2017, Mr. Levine traveled to Los Angeles at Geostellar's expense with the intention of

addressing a conference to promote Geostellar's cryptocurrency Zydeco, but instead presented APL's cryptocurrency, Indecoin. Compl., ¶¶54-55. In December 2017, Indeco filed documentation with the Securities and Exchange Commission regarding its intent to sell Indecoin.  Compl., ¶43. Plaintiff claims that these SEC documents appropriated ideas Mr. Levine had previously made available for Geostellar and had therefore created a company in direct competition with Geostellar. Compl., ¶44. Indeco, LLC, and APL later merged to form Indeco Union, which was named as a Defendant in this adversary action. Compl., ¶10.

Plaintiff alleges that, based on the foregoing allegations, Mr. Levine was liable for civil conspiracy, breach of fiduciary duty, fraud, and breach of contract. Such allegations and characterizations of conduct or liability on behalf of Mr. Levine are strictly denied.[1]

### B.  Plaintiff's Amended Complaint

Plaintiff's Amended Complaint now presents claims of breach of fiduciary duty of loyalty, negligence, negligent misrepresentation, constructive fraud, and violation of the West Virginia Uniform Trade Secrets Act, based in part on the facts alleged in Plaintiff's Complaint, but also based on new allegations of Mr. Levine's action.

Plaintiff's Amended Complaint admits that Geostellar was not profitable as of 2017, despite obtaining sufficient capital from investors from 2010 to 2017. Am. Compl., ¶17. In July 2017, Plaintiff claims Mr. Levine diverted Geostellar from its purpose to focus on new cryptocurrency without seeking or obtaining approval from Geostellar's Board of Directors. Am. Compl., ¶18. Plaintiff claims that Mr. Levine made various false and constructively fraudulent

---

[1] Geostellar recognized that it was yet unable to achieve or sustain profitability, particular where it would not complete sufficient installations to cover bare expenses. See Compl., ¶¶13-15, Am. Compl, ¶¶12-14. Inexplicably, Geostellar believed and maintains that such model of meeting expenses would somehow become profitable in the long term. Compl., ¶15; Am. Compl., ¶15. To this extent, there is no factual basis to believe that Levine caused damage to Geostellar, particularly in view of Geostellar's operating losses since its inception in February 2010 and in the years preceding the asserted conduct by Mr. Levine, the Plaintiff's characterization of which being fully and unequivocally denied by Mr. Levine.

statements and representations to board members and creditors in the summer of 2017 that a cryptocurrency token could be traded as value of one watt of energy per token which would make Geosteller profitable. Am. Compl., ¶20. Rather than identifying Geostellar's software as intellectual property, Plaintiff's now refer to the same as trade secrets, which had been improperly disclosed to others. Am. Compl., ¶22. Plaintiff further avers that in transforming Geostellar's proprietary software to open source software, Mr. Levine improperly disclosed Geostellar's trade secrets and made them non-exclusive for Geostellar's use. Am. Compl., ¶22.

Plaintiff also alleged for the first time that Geostellar's August 2017 SEC application for crowdfunding also included a statement that there was a conflict of interest as that landlord for Geostellar was a company controlled by Mr. Levine called Three Square, LLC, and that Geostellar could be harmed by the failure to protect intellectual property. Am. Compl. ¶26. Plaintiff claims Mr. Levine acknowledged the importance of protecting Geostellar's intellectual property but failed to take action to protect it. Am. Compl., ¶27. Plaintiff's Amended Complaint also contains new allegations that in the fall of 2017, Mr. Levine was encouraging Geostellar to pay Three Square above other creditors or to trade Geostellar's indebtedness to Three Square in exchange for ownership interest in Geostellar all despite his acknowledged conflict of interest. Am. Compl., ¶30. Three Square had not been mentioned once in Plaintiff's original Complaint.

Plaintiff also alleges that without advising the Board, Mr. Levine created the competitor company APL, thereby committing a material and constructively fraudulent omission. Am. Compl., ¶31. Mr. Levine also purportedly told the Geostellar Board that he was going to arrange to license Geostellar technology to APL to the benefit of Geo which was materially false. Am. Compl., ¶35. Plaintiff claims that Mr. Levine misrepresented that a licensing had occurred when in fact he had just transferred Geostellar's technology to APL. Am. Compl., ¶35. By this point,

Plaintiff claims Mr. Levine had become distracted from his initial, albeit unauthorized, project to develop cryptocurrency for Geostellar and actively disregarded the will of the Board, thereby violating his common law duties imposed by industry standards as well as fiduciary duties owed in his role as CEO, Chairman of the Board and/or Board Member. Am. Compl., ¶36. Such actions further caused Geostellar to breach its loan agreement with a third party which was originally promised the exclusive use of the Geostellar proprietary software. Mr. Levine also allegedly caused the Geostellar website to redirect traffic to the Indeco website. Am. Compl., ¶39.

In summation, Mr. Levine purportedly stole all of Geostellar's technology, employees, and corporate opportunity to use on his own to the detriment and demise of Geostellar. Am. Compl., ¶40. Plaintiff further newly alleges that in November 2017, when Geostellar was on the verge of bankruptcy, it attempted to implement a back-to-basics approach to "rescue financing" which involved Mr. Levine stepping down as CEO. Am. Compl., ¶45.  Plaintiff alleges that Mr. Levine rejected this idea and instead moved forward to urge other creditors to force Geostellar into bankruptcy. Am. Compl., ¶45.

Plaintiff's Amended Complaint abandons both claims for civil conspiracy and breach of contract, and raises new claims of negligence, constructive fraud/negligent misrepresentation, and violation of the West Virginia Uniform Trade Secrets Act. Mr. Levine unequivocally denies all repeated and new allegations and characterizations of improper conduct set forth in Plaintiff's Complaint and Amended Complaint. Furthermore, Mr. Levine denies that his conduct in any way proximately caused the demise of Geostellar and any damages allegedly suffered by it.

## III.    STANDARD OF REVIEW: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Fed. R. Bankr. P. 7015, F.R.C.P. 15 applies in adversary proceedings.  Under F.R.C.P. 15(a)(2), the district court has discretion to grant or deny an opportunity to amend a

pleading.  See Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). In general, "a

district court's denial of leave to amend is appropriate when (1) the amendment would be

prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or

(3) the amendment would have been futile." Id. (quoting Scott v. Family Dollar Stores, Inc., 733

F.3d 105, 121 (4th Cir. 2013).

## IV.   ARGUMENT

### A.   Plaintiff's Motion should be denied as futile where this Court has already determined that all matters in this case are to be heard before an arbitrator pursuant to the terms of Mr. Levine's employment agreement with Geostellar.

Although Plaintiff has raised new claims in his Amended Complaint, those claims still

"arise from or relate to" Mr. Levine's employment as CEO of Geostellar, Inc. and therefore are

required to be arbitrated consistent with this Court's prior findings.

On February 7, 2020, this Court issued a Memorandum Opinion directing that Defendants'

Motion to Dismiss would be held in abeyance until after the February 21, 2020 deadline for filing

proofs of claim against Mr. Levine's Chapter 13 Bankruptcy Estate. Ex. A at 2. The Court further

addressed the issue of compelling arbitration, reaching the following conclusions:

> Considering the parties respective arguments in light of the foregoing, the court finds
> it appropriate to deny the Defendants' motion to dismiss but enter an order
> compelling the extant dispute among the parties to arbitration. First, the court finds
> that the subject arbitration clause pertains to all of the trustee's causes of action.
> Specifically, it encompasses 'any and all disputes . . . arising from or relating too . . .
> the Executive's employment.' Despite the trustee's argument to the contrary, the
> court perceives that to include causes of action based upon Mr. Levine's alleged
> misconduct as the Debtor's CEO. To the extent that the trustee contends that his
> actions against Mr. Levine as director, as opposed to CEO, are not subject to
> arbitration, the court is likewise unpersuaded.
>
> From the court's perspective, despite Mr. Levine purportedly being CEO and a
> director, the trustee's complaint centers almost exclusively around conduct Mr.
> Levine likely undertook in his role as CEO. . . . The Trustee only incidentally alleges
> failures of Mr. Levine as director, for instance by referencing his breach of 'other
> fiduciary duties.' The claims, if any, against Mr. Levine as director are so inexorably

linked to his conduct as CEO, the court finds all of the claims subject to arbitration. Moreover, the court perceives judicial economy to be best served by compelling all claims to arbitration.

Ex. A at 5-6.

Plaintiff indicates in his Memorandum in Support of Motion to Amend that he "intentionally" abandoned his breach of Employment Agreement claim against Mr. Levine in order to "moot the Court's previous referral of this proceeding to arbitration which to Plaintiff's understanding was based solely on a provision in Levine's contract of employment." Pl. Memo. at 4. However, abandoning this claim does not nullify or negate the effectiveness and enforceability of the Employment Agreement, and surely does not render the Court's prior findings as moot.

Regardless of whether a breach of the Employment Agreement is being plead, the Employment Agreement and the arbitration provision therein, remain effective and enforceable between the parties. Plaintiff has presented no legal or factual basis for voiding the Employment Agreement or the arbitration provision therein and instead opts for an out-of-sight-out-of-mind approach to pleading whereby the Employment Agreement is a miraculous nullity when he is no longer seeking damages thereunder. This Court has already determined that based on the terms of the arbitration provision and the allegations presented, all of Plaintiff's claim must be heard before an arbitrator. Although Plaintiff's Amended Complaint alleges new facts and claims against Mr. Levine, those claims remain based almost entirely in actions taken by Mr. Levine in his role as CEO of Geostellar. For these reasons, the Court should enter an order finalizing its legal conclusions and directing all claims in this case to be heard at arbitration.

**B. Plaintiff's Motion should be denied as futile where Plaintiff fails to state various claims in his Amended Complaint.**

To survive a Motion to Dismiss, "a complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Francis v.

Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). Instead, "a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." Francis, 588 F.3d at 193. This standard "requires the plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief." Id. (internal quotations omitted) "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 566 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). With this standard in mind, Plaintiff's claims for breach of fiduciary duty of loyalty, negligence, negligent misrepresentation and constructive fraud have not been sufficiently plead. Therefore, Plaintiff's Motion for Leave to File Amended Complaint should be denied as futile.

     *i. Breach of Fiduciary Duty of Loyalty*

   Plaintiff's Amended Complaint fails to state a claim for breach of fiduciary duty of loyalty under the gist of the action doctrine. Plaintiff claims that Mr. Levine breached his fiduciary duties as CEO and as Chairman and member of the Board of Directors for Geostellar by defrauding Geostellar into abandoning its original purpose and causing its demise. Am. Compl. ¶49. Courts have generally held that the elements of breach of fiduciary duty "are the existence of the fiduciary relationship, its breach, and damage proximately caused by the breach." State ex rel. Affiliated Const. Trades Found. v. Vieweg, 520 S.E.2d 854, 868 (W. Va. 1999) (Workman, J. concurring).

Although Plaintiff attempts to abandon his cause of action for breach of the employment agreement, Plaintiff's claim nonetheless violates the gist of the action doctrine by improperly stating a contract claim as a common law tort claim:

> Under [the gist of the action] doctrine, recovery in tort will be barred when any of the following factors is demonstrated: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013). See also Abbott Labs v. Owens, No. 13C-09-186, 2014 WL 8407613 at *7 (Del. Super. Ct. Sept. 20, 2014) (holding tort claims, including fraud, are prohibited where the tortious conduct occurred in performance of contract).

By Plaintiff's own admission in his original Complaint, Mr. Levine's Employment Agreement contained certain contractual obligations such as acting "diligently, conscientiously and exclusively devot[ing]' his 'full time and attention' as well as his 'best efforts to discharge' his assigned duties." Compl., ¶19(a). Plaintiff acknowledges that Mr. Levine was further obligated to 'not participate in, directly, or indirectly' 'in any other business activity' or to 'make or acquire any investment or business or prospects, financial or otherwise in a business adverse or antagonistic to' Geostellar, Inc., or 'its prospect, financial or otherwise' without the written approval of the Chairman of the Compensation Committee." Compl., ¶19(c). Plaintiff further alleged that the Addendum to the Employment Agreement which was also attached to his Complaint, imposed a duty of Mr. Levine to "hold in strictest confidence all Proprietary Information of the Company, and not to directly or indirectly . . . solicit, induce, or encourage any employee or consultant of Geostellar, Inc., to end his relationship with the Company or offer any employee or consultant of the Company . . . employment or engagement elsewhere." Compl., ¶21.

All of the duties now claimed to have been breached by Mr. Levine are those which are clearly and explicitly imposed under his Employment Agreement, not at common law.  All of Plaintiff's tort claims against Defendant, including this breach of fiduciary duty claim, are barred by the gist of the action doctrine. Plaintiff's attempt to cast his claims under a new title does not change the applicability of the Employment Agreement and the fact that the obligations therein are in actuality the sole basis of Plaintiff's action. Ignoring the existence of the Employment Agreement in his Amended Complaint does not nullify or invalidate that contract and the duties prescribed therein.

For these reasons, Plaintiff's Motion for Leave to File an Amended Complaint should be denied as futile where the gist of the action doctrine prohibits Plaintiff from casting his breach of fiduciary duty and other contractual claims as tort claims.

### ii.  Negligence

Plaintiff's Amended Complaint fails to state a claim for negligence against Mr. Levine under the gist of the action doctrine and economic loss doctrine.  Plaintiff's allegations in support of his negligence claim and his alleged damages are nearly identical to those stated in his breach of fiduciary duty claim.  Although Plaintiff claims that Mr. Levine has breached "a duty of reasonable care to operate his business in accord with all law, regulations, and industry standards", Mr. Levine's actual duties are imposed solely by the Employment Agreement cited by Plaintiff in his original Complaint. For these reasons, just as Plaintiff fails to state a claim of breach of fiduciary duty under the gist of the action doctrine, Plaintiff also fails to state a claim of standard negligence pursuant to application of the gist of the action doctrine.

Moreover, Plaintiff fails to state a claim for negligence pursuant to the economic loss doctrine. Under the economic loss doctrine, "absent a special relationship between the parties, a

plaintiff cannot maintain an action in tort for an alleged breach of a contractual duty." <u>McNeely v. Wells Fargo Bank</u>, No. 2:13-cv-25114, 2014 U.S. Dist. LEXIS 170784 at *14-15 (S.D. W.Va. Dec. 10, 2014) (citing <u>Lockhart v. Airco Heating & Cooling, Inc.</u>, 567 S.E.2d 619, 624 (W. Va. 2002)). Under this doctrine, a plaintiff is "essentially foreclose[d] . . . from obtaining relief through tort law when that party's only damage has come from a contractual relationship. Id. At *15 (citing Ballard v. Fifth Third Bank, No. 2:10-cv-00817, 2010 U.S. Dist. LEXIS 86578 at *2 (S. D. W. Va. Aug. 23, 2020)). Therefore, "to pursue a tort action against a party to a contract, a plaintiff must demonstrate the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation." <u>Id</u>. (internal quotations omitted).

The duties alleged to have been breached by Mr. Levine arise solely from his relationship and Employment Agreement with Geostellar.  Plaintiff has failed to establish a positive legal duty imposed at common law and has alleged only contractual violations under Mr. Levine's Employment Agreement as stated more fully in Plaintiff's original Complaint. <u>See</u> Compl., ¶¶18-22. Again, as stated above, Plaintiff's attempt to recast his contractual claims as tort claims is futile under both the gist of the action doctrine and the economic loss doctrine where the duties alleged to have been breached by Mr. Levine all arise solely out of Mr. Levine's Employment Agreement with Geostellar.

For these reasons, Plaintiff's Motion for Leave to File Amended Complaint should be denied as futile.

### iii.   Constructive Fraud and/or Negligent Misrepresentation

Under Fed. R. Bankr. P. 7009, F.R.C.P. 9(b) applies to mandate that claims of "fraud or mistake" must be stated "with particularity to the circumstances constituting fraud or mistake."

Plaintiff's Amended Complaint fails to state a claim for constructive fraud and/or negligent misrepresentation against Mr. Levine.

With respect to claims of constructive fraud, West Virginia Courts have distinguished actual fraud from constructive or legal fraud in the following way:

> Actual fraud is intentional fraud; it consists in deception, intentionally practiced, to induce another to party with property or to surrender some legal right, and which accomplishes the end designed. Constructive fraud is a *breach of legal or equitable duty*, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interest. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud.

Miller v. Huntington & Ohio Bridge, Co., 15 S.E.2d 687, 695 (W. Va. 1941) (emphasis added).

Plaintiff has failed to plead a claim of constructive fraud with the specificity required by F.R.C.P. 9(b).  Plaintiff claims that Mr. Levine had a duty to provide information to the Geostellar Board of Directors, but fails to cite the basis for this duty. Similarly, Plaintiff fails to state what statements of Mr. Levine's were actually fraudulent, referring only to Mr. Levine's general attitude toward decision making as "incorrect". Am. Compl. ¶61. Such generalities are insufficient to meet the burden imposed by F.R.C.P. 9(b) and are therefore insufficiently plead.

Furthermore, even if Plaintiff's constructive fraud claim was sufficiently plead, as with Plaintiff's breach of fiduciary duty and negligence claims, Plaintiff's constructive fraud claim appears to be a mere duplication his breach of Employment Agreement claim in his original Complaint and is therefore barred by the gist of the action doctrine. Plaintiff's Amended Complaint has not alleged a breach of any "legal or equitable duty" in support of a claim for constructive fraud. Instead, although not explicitly stated, Plaintiff's seeks to impose this duty to provide information to Geostellar on Mr. Levine via his employment relationship with Geostellar. Therefore, Mr. Levine's duty to provide information is not a legal or equitable duty, but a specific contractual duty pursuant to the terms of Mr. Levine's employment relationship and Agreement

with Geostellar.  Therefore in accordance with the preceding caselaw, Plaintiff has failed to state a cause of action for constructive fraud where such allegations duplicate and are based solely in Plaintiff's initial breach of Employment Agreement claim in his Complaint.  For these reasons, Plaintiff's Motion for Leave to File Amended Complaint should be denied as futile.

 Plaintiff similarly has failed to state a claim for negligent misrepresentation. Under West Virginia law, negligent misrepresentation when "[o]ne under a duty to give information to another, who makes an erroneous statement when he has no knowledge on the subject, and thereby misleads the other to his injury, is as much liable in law as if he had intentionally state a falsehood." Folio v. City of Clarksburg, 665 S.E.2d 143, 151 (W. Va. 2007).  Plaintiff in the instant case has failed to identify any specific statements made to any specific individuals which he should have known were false and which he lacked knowledge of their truth or falsity at the time such statements were made. Again, Plaintiff's claim instead indicates that certain statements by Mr. Levine were based on his "incorrect" way of thinking, which is not indicative of whether the statements were actually false or whether he should have known they were false. For these reasons, Plaintiff has failed to state a claim for negligent misrepresentation.

Therefore, Plaintiff's Motion for Leave to File Amended Complaint should be denied as futile where Plaintiff has failed to properly state claims of breach of fiduciary duty, negligence, constructive fraud and negligent misrepresentation.

## V.    CONCLUSION

This Court has already determined that any claims relating to or originating from Mr. Levine's employment at Geostellar must be arbitrated pursuant to the terms of his binding Employment Agreement. The absence of any contractual claim by Plaintiff in his Amended Complaint does not nullify or otherwise void the enforceable provisions of the Employment

Agreement. Substantively, Plaintiff's Amended Complaint fails to state claims of breach of fiduciary duty, negligence, constructive fraud, and negligent misrepresentation. Therefore, filing an Amended Complaint containing such claims would be futile. For all these reasons, this Court should deny Plaintiff's Motion for Leave to File Amended Complaint as futile and direct this case to arbitration where Plaintiff may evaluate its viable claims against Mr. Levine.

Respectfully submitted,

ZIMMER KUNZ, PLLC

Date:  August 24, 2021          By:   */s/George N. Stewart*
                                      George N. Stewart, Esquire
                                      W.V. I.D. No. 5628
                                      132 South Main Street; Suite 400
                                      Greensburg, PA  15601
                                      (724) 836-5400
                                      stewart@zklaw.com

                                By:   */s/Joseph F. Butcher*
                                      Joseph F. Butcher, Esquire
                                      W.V. I.D. No. 13493
                                      310 Grant Street, Suite 3000
                                      Pittsburgh, PA 15219
                                      (412) 434 - 5449
                                      butcher@zklaw.com

                                      Attorneys for Defendant,
                                      David Andrew Levine in the Adversary
                                      Proceeding Only

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than 18 years of age and that I served the Objections and Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended Complaint in the above-captioned proceeding on the parties listed below on August 24, *2021*.

In addition, I caused a copy of the above-captioned pleadings to be served on all parties who have electronically entered a notice of appearance through the notice of filing generated by the Court's Case Management/Electronic Case File CM/ECF System.

The type of service made on the parties is specified below.

**Electronic Mail:**

Debra A. Wertman, Esquire
Assistant United States Trustee
300 Virginia Street, East; Room 2025
Charleston, WV  25301

Timothy Francis Cogan, Esquire
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV  26003

Martin P. Sheehan, Trustee
Sheehan & Associates, PLLC
41 – 15th Street
Wheeling, WV  26003

Patrick S. Cassidy, Esquire
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV  26003

Respectfully submitted,

By:   */s/George N. Stewart*
　　　　　George N. Stewart, Esquire
　　　　　W.V. I.D. No. 5628
　　　　　132 South Main Street; Suite 400
　　　　　Greensburg, PA  15601
　　　　　(724) 836-5400
　　　　　stewart@zklaw.com

By:   */s/Joseph F. Butcher*
　　　　　Joseph F. Butcher, Esquire

W.V. I.D. No. 13493
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 434 - 5449
butcher@zklaw.com


Attorneys for Defendant,
David Andrew Levine in the Adversary
Proceeding Only

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

GEOSTELLAR, INC.,

       Debtor.

_____

MARTIN P. SHEEHAN, TRUSTEE,

       Plaintiff,

   v.

DAVID ANDREW LEVINE,

       Defendant.

Bankruptcy Case No. 18-00045
Chapter 7

Adversary Proceeding No 19-00024

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's Motion for Leave to File Amended Complaint and Defendant David Andrew Levine's Objections and Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, it is hereby ORDERED Plaintiff's Motion for Leave to File Amended Complaint is DENIED.

BY THE COURT,

_____

Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEOSTELLAR, INC., | ) | Case No. 18-bk-45 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ——————————————— | ) | |
| | ) | |
| MARTIN P. SHEEHAN, Trustee of the | ) | |
| Bankruptcy Estate of Geostellar, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 19-ap-24 |
| | ) | |
| DAVID A. LEVINE and | ) | |
| INDECO UNION, a Delaware Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

## <u>MEMORANDUM OPINION</u>

David A. Levine and Indeco Union (collectively, the "Defendants") seek the dismissal of the adversary complaint filed against them by Martin P. Sheehan, the Chapter 7 trustee administering the bankruptcy estate of Geostellar, Inc (the "Debtor"). The Defendants contend that the court should dismiss the trustee's complaint based upon either the arbitration clause and forum selection clause contained in Mr. Levine's July 28, 2016 Employment Agreement and related Assignment of Inventions Agreement, respectively, or because the trustee fails to state a claim upon which the court can grant relief. The trustee asserts that the arbitration clause in the Employment Agreement only pertains, if at all, to his claim for a breach of contract.[1] Otherwise,

---

[1] According to the trustee, none of his claims arise under or relate to the Assignment of Inventions Agreement, which sends to Delaware claims arising under that agreement, such that his claims can proceed in this forum.

1

the trustee contends that his complaint adequately states causes of action for fraud, breach of fiduciary duties, and civil conspiracy.

For the reasons stated herein, the court will enter a separate order holding the Defendants' motion to dismiss in abeyance and until after the February 21, 2020 deadline for filing proofs of claim against Mr. Levine's Chapter 13 bankruptcy estate.[2]

## I.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

---

[2] The trustee names Indeco Union as a defendant, and specifically alleges that it engaged in a civil conspiracy with Mr. Levine, and perhaps others, resulting in Geostellar's failure. The court, however, perceives Indeco Union and Mr. Levine to be a united interest, at least for purposes of this adversary proceeding, based upon the specific facts alleged by the trustee. The court, therefore, will analyze the extant motion to dismiss simply as between Mr. Levine and the trustee.

Generally, "courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated to the complaint." *Zak*, 780 F.3d at 606 (internal citations omitted). If a document is "integral to and explicitly relied on in the complaint" and there are no questions as to the authenticity of that document, then a court may consider the document as it has effectively been incorporated to the complaint. *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

## II. BACKGROUND

The Debtor's business was to provide a marketplace pairing consumers interested in transitioning to solar energy with necessary information, including vendors, installers, and lenders engaged in financing such transitions. The Debtor purportedly created proprietary software to aid its business development in that regard. Notably, however, the business was not profitable prepetition, but the Debtor hoped to generate sufficient revenue to raise capital or otherwise grow its business and reach long-term profitability. At all times material to the Debtor's complaint, David A. Levine was its Chief Executive Officer and, before January 24, 2018, a member of its Board of Directors.

According to the trustee, the Employment Agreement between the Debtor and Mr. Levine bound him in certain respects. Despite that, the trustee avers that Mr. Levine took steps unilaterally to change the focus of Geostellar's business in dereliction of his duties under the Employment Agreement and otherwise as officer and director of the Debtor. The trustee generally alleges that Indeco Union was an instrumentality employed by Mr. Levine to facilitate his malfeasance in that regard.[3]

On May 20, 2019, the trustee filed his complaint seeking certain damages based upon the various causes of action alleged against Mr. Levine. The parties completed the briefing regarding the Defendants' motion to dismiss in September 2019, and the court took the matter under advisement. Notably, Mr. Levine and his wife filed a Chapter 13 voluntary petition on December 13, 2019—while the extant motion to dismiss was pending. Proofs of claim in Mr. Levine's

---

[3] Aside from the allegation that Indeco Union, which Mr. Levine purportedly formed and controls, "continued to conspire with David A. Levine to defraud Geostellar, Inc.," the court does not perceive any alleged affirmative acts by Indeco Union that would require it to defend separately from the trustee's complaint against Mr. Levine. The court, therefore, will resolve the motion to dismiss based upon the allegations against Mr. Levine and reserve for further development what impact Mr. Levine's use of Indeco Union may have upon the trustee's anticipated recovery.

individual case are due by February 21, 2020.  Notably, Mr. Levine did not identify the trustee as a creditor of his bankruptcy estate, but he did include this adversary proceeding on his Statement of Financial Affairs, which he filed on January 7, 2020.

### III. ANALYSIS

The Defendants assert two bases upon which it contends the court should dismiss the trustee's complaint.  First, they contend that the trustee's claims are subject to the arbitration clause in Mr. Levine's employment contract such that the claims cannot proceed here.  They also contend that the trustee otherwise fails to state a claim upon which the court can grant relief such that the court should dismiss the complaint under Rule 12(b)(6).  In support of their first argument, the Defendants rely on the following language from the Mr. Levine's Employment Agreement with the Debtor:

> To ensure the rapid and economical resolution of disputes that may arise in connection with the Executive's employment with the Company, the Executive and the Company agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to the . . . interpretation of this Agreement, the Executive's employment, or the termination of the Executive's employment, shall be resolved, to the fullest extent permitted by law, by final, binding and confidential arbitration . . . .

Employment Agreement, ¶ 7.11; Compl. Ex. A.  In the alternative, the Defendants contend that the trustee otherwise fails to state a claim upon which the court can grant relief.  In that regard, the Defendants generally assert that the trustee makes conclusory allegations without pleading sufficient factual detail to support his respective claims.

The trustee contends that his complaint should survive the motion to dismiss because, at most, the arbitration clause in the Employment Agreement pertains to only his claim for a breach of contract.  He asserts that his claims for fraud, breach of fiduciary duty, and civil conspiracy are not claims of the kind identified in the arbitration clause.  Additionally, the trustee argues that the court possesses the discretion to refuse to enforce the arbitration clause because Mr. Levine filed a claim against the bankruptcy estate; specifically, because his claim against Mr. Levine "may be" a counterclaim to Mr. Levine's claim and thus "core" under 28 U.S.C. § 157(b)(2)(C).  To support his contention in that regard, the trustee relies upon the Fourth Circuit's *per curiam* opinion in *Moses v. CashCall, Inc.*, 781 F.3d 63 (4th Cir. 2015).  Regarding his other claims, the trustee contends that he adequately states causes of action upon which the court can grant relief.

"To be sure, the arbitration policies implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, are to be robustly followed." *Moses*, 781 F.3d at 71 (citation omitted).  If one or more of the trustee's claims are subject to arbitration, the court must "stay a determination of the merits of the present adversary proceeding, apparently including Defendants' Rule 12(b)(6) motion to dismiss." *Little v. Career Educ. Corp. (In re Little)*, Adv. Proc. No. 19-80041-JW, 2020 WL 211467, at *3 (Bankr. D.S.C. Jan. 3, 2020) (citing § 3 of the FAA, which requires the court to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .").  "Therefore, . . . the Court must first determine if the claim is subject to arbitration before addressing any issue on the merits of the claim, including Defendants' Rule 12(b)(6) motion to dismiss." *Id.* (citing *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 104 (4th Cir. 2012) and *McLean v. U.S.*, 566 F.3d 391, 398 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice.")).

As the Fourth Circuit recognized in *CashCall*,

where tension arises between the FAA and another statute [like the Bankruptcy Code], the Supreme Court has provided a framework for resolving it, holding that the party seeking to prevent enforcement of an applicable arbitration agreement must show that "Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."

781 F.3d at 71 (quoting *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 90 (2000).  "That intent must deducible from (1) the statute's text; (2) its legislative history; or (3) 'an inherent conflict between arbitration and the statute's underlying purpose.'"  *Id.* (quoting *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987).  "Where such an intent can be deduced, the court of first impression has *discretion* to decide whether to withhold arbitration, a decision that is subject to review for abuse of that discretion."  *Id.* (citation omitted).

In determining whether to compel arbitration in bankruptcy, "[t]he core/non-core distinction . . . is not mechanically dispositive in deciding whether a bankruptcy judge may refuse to send a claim to arbitration."  *Id.* (citation omitted).  "Instead, what matters fundamentally is whether compelling arbitration for a claim would inherently undermine the Bankruptcy Code's animating purpose of facilitating the efficient reorganization of an estate through the 'centralization of disputes concerning a debtor's legal obligations . . . .'"  *Id.* at 83 (quoting *Phillips*

5

*v. Congelton, LLC (In re White Mountain Mining Co.)*, 403 F.3d 164, 170 (4th Cir. 2005)).  At bottom, however, "[a] bankruptcy judge's discretion to deny arbitration of non-core matters is . . . necessarily narrow."  *Id*. at 84.  Such discretion must be supported with "more than a finding that arbitration would potentially conflict with the purposes of the Bankruptcy Code.  Rather, the conflict must be inherent and 'sufficient to override by implication the presumption in favor of arbitration.'"  *Id*. at 88 (citing *U.S. Lines, Inc. v. Am. Steamship Owners Mut. Prot. & Indemnity Ass'n (In re U.S. Lines)*, 197 F.3d 631, 640 (2nd Cir. 1999)).

Considering the parties respective arguments in light of the foregoing, the court finds it appropriate to deny the Defendants' motion to dismiss but enter an order compelling the extant dispute among the parties to arbitration.  First, the court finds that the subject arbitration clause pertains to all of the trustee's causes of action.  Specifically, it encompasses "any and all disputes . . . arising from or relating to . . . the Executive's employment."  Despite the trustee's argument to the contrary, the court perceives that to include causes of action based upon Mr. Levine's alleged misconduct as the Debtor's CEO.  To the extent that the trustee contends that his actions against Mr. Levine as director, as opposed to CEO, are not subject to arbitration, the court is likewise unpersuaded.

From the court's perspective, despite Mr. Levine purportedly being CEO and a director, the trustee's complaint centers almost exclusively around conduct Mr. Levine likely undertook in his role as CEO.  For example, the trustee makes the following contentions, among others: that Mr. Levine (1) "caused employees of the engineering department of Geostellar, Inc., to curtail work related to the development of a solar energy marketplace and instead to cause those employees to begin working on the development of a cryptocurrency;" (2) "caused the filing of a Form C, as required by 17 C.F.R. § 227.100, et seq., with the Securities and Exchange Commission in connection with efforts to obtain Crowdfunding for Geostellar, Inc.;" (3) made a presentation "to the Board of Directors of Geostellar, Inc., . . . concerning the development of the cryptocurrency to be known as Zydeco;" (4) "appropriated the business plan of Geostellar, Inc., for competing companies which he had create;" (5) "did not accept direction from the Board of Directors;" and (6) "directed that the proprietary software developed by Geostellar, Inc., . . . be converted to 'open source' software."  The trustee only incidentally alleges failures of Mr. Levine as director, for instance by referencing his breach of "other fiduciary duties."  The claims, if any, against Mr. Levine as director are so inexorably linked to his conduct as CEO, the court finds all

6

of the claims subject to arbitration. Moreover, the court perceives judicial economy to be best served by compelling all claims to arbitration.

Regarding the trustee's argument that his claims are "core" such that the court should exercise its discretion to deny compelling arbitration, the court is not persuaded. Specifically, it is true that Mr. Levine filed a claim against the bankruptcy estate for wages, but the trustee's claims against Mr. Levine cannot be construed as a counterclaim thereto. Notably, to the court's knowledge, the trustee does not object to Mr. Levine's proof of claim for wages. Rather, the trustee simply brings this action alleging breach of contract, fraud, breach of fiduciary duty, and civil conspiracy. The court perceives those actions to be simply ancillary to the Debtor's bankruptcy and thus "non-core." Importantly, nothing alleged by the trustee implicates a provision of the Bankruptcy Code, the related rules, or this court's administration of bankruptcy. The court, therefore, in following the teaching of *Moses* believes it has no discretion to withhold arbitration.

That concludes the court's present analysis. As the court recounted above, however, Mr. Levine and his wife filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The trustee's claim here is at least nominally a claim against Mr. Levine's Chapter 13 bankruptcy estate. The trustee has not yet filed such a claim in Mr. Levine's Chapter 13 case, but he has until February 21, 2020, to do so. However, it is possible that the filing of a proof of claim by the trustee may affect the court's ultimate analysis regarding the enforcement of the arbitration clause in the Employment Agreement. *See Stern v. Marshall*, 564 U.S. 462, 479-80 (2011). The impact of Mr. Levine's bankruptcy is something the parties have not had the opportunity to address in this proceeding, if they are aware of it at all.

## IV. CONCLUSION

Based upon the foregoing, the court finds it appropriate to hold the Defendants' motion to dismiss in abeyance and conduct a status conference after the February 21 deadline by which the trustee may file a claim against Mr. Levine's Chapter 13 bankruptcy estate. At the hearing, the parties should be prepared to address what impact, if any, Mr. Levine's bankruptcy case should have on the court's analysis and an anticipated schedule for supplemental briefing in that regard.