## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:  GEOSTELLAR, INC.                          BK. NO. 3:18-BK-0045

MARTIN P. SHEEHAN, Trustee of
the Bankruptcy Estate of Geostellar, Inc.,
                                                  AP. NO. 3:19-AP-00024
                Plaintiff,

v.

DAVID A. LEVINE,

                Defendant.


### REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

#### Levine Does Not Acknowledge His Burden To Secure Denial Of The Motion To Amend

Levine fails to set out the standard for ruling on the amended complaint, neglecting the test of the rule that leave shall be freely given where justice so requires.  *Fed. R. Civ. P.* 15.

Instead of the general rule, Levine cites the exception, but without noting that the burden of proving that the amendment would be futile rests upon the proponent of the exception to the rule. Levine should have informed the Court that he bears the burden of demonstrating the exception.  E.g. *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.,* 285 F.Supp.3d 759 (SDNY 2018) (party opposing the amendment "bears the burden of showing prejudice, bad faith, and futility of the amendment." *Id.* at 766) (numerous citations omitted).

#### Effect of Arbitration

Removal of the employment agreement from the complaint removes the basis for the court's stayed ruling on arbitration. Moreover, though this Court, by Judge Flatley, ordered arbitration of the previous complaint, he stayed that ruling. As well, the claims made in the

{00188162.1}

amended complaint (also known as "AC") do not rise to claims covered by the arbitration clause. Philadelphia Indemnity Insurance Company (PIIC) notes that the arbitration clause at issue only goes to coverage disputes.  Adversary Proceeding No. 3:21-ap-00019, ECF No. 11, p. 14.  While this has the effect of a denial of coverage, PIIC states that it has not denied coverage. *Id.* p. 8. There is no such dispute to arbitrate, since it is far too late to deny coverage now.

<u>The "Gist Of The Action" Doctrine Does Not Defeat Any Claims In The Amended Complaint</u>

Levine cites the rubric of "gist of the action." He cites its elements but does not apply them. For example, he states, ECF No. 60, p. 10, that liability must arise solely from the contractual relationship. In other words, absent the employment agreement, has Levine showed, see *Raffington v. Bon Secours*, *supra*, that he owed no fiduciary duty to Geostellar (Geo); and that his liability arises solely from the contract; and that his duties were grounded in the contract itself. Essentially, the torts must duplicate the contract breach claims.

Stating the question shows that he has not and cannot do so.  He has not and cannot show that the tort claim is barred by the "gist of the action" doctrine.

Nonetheless, it is surprising, even shocking, that Levine claims that all the duties now claimed to have been breached are those which are clearly and explicitly imposed under his Employment Agreement, not by common or statutory law. ECF No. 60, p. 11. Absent the Employment Agreement, Levine states that he owes no duties of fiduciary responsibility to a company of which he was the CEO and at least a member, if not the chair, of the Board of Directors.

That is not, and never has been the law. *Masinter v. Webco Co.*, 262 S.E.2d 433 (1980), *infra*. Also, "Judge Orrick of this District recently recognized the right of a federally-chartered savings and loan to sue under federal common law its former officers, directors and employers for

breach of fiduciary duty." *Fed. Sav. & Loan Ins. Corp. v. Musacchio,* 695 F.Supp. 1053, 1072 (N.D.Cal.1988), *citing Eureka Federal Savings and Loan Assoc. v. Kidwell,* 672 F. Supp. 436 (N.D.Cal.1987). *See also AmeriFirst Bank v. Bomar,* 757 F.Supp. 1365 (S.D. Fla 1991) (common law claim for breach of fiduciary duty of accountant to corporation).

<u>Levine's Duty Of Due Care Does Not Arise From The Employment Agreement</u>

Levine makes the same argument, the "gist of the action" argument, regarding the claim for negligence claims in the amended complaint. "The duties alleged to have been breached by Mr. Levine arise solely from his relations and employment Agreement with Geostellar" ECF No. 60, p. 12. Breaking that down, it does relate to his relation to Geo, meaning his status as CEO and board member and chair. The duties do not arise solely from his employment agreement, which may provide additional duties he owed the corporation.

Again, this argument offends basic, black letter law. "In order to establish a prima facie case of negligence, the plaintiff must show 'that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff.'" *Westfield Ins. Co. v. Sistersville Tank Works, Inc.,* 484 F.Supp.3d 283, 298 (N.D.W.Va 2020). *Masinter v. Webco Co.,* 262 S.E.2d 433 (1980), *infra* at 6, fully reflects such a duty.

Levine here stretches his argument to say that he owes no duty of care at all toward the corporation of which he was the CEO. This proposition ought to frighten anyone who owns any shares of stock and runs contrary to statutory and decisional law. "Directors and officers may incur personal liability, however, if they fail to act in good faith, with due care, and in the best interests of the corporation while performing their official duties, *Sheehan v. Saoud*, 526 B.R. 166, 179–80, <u>amended in part,</u> 2015 WL 69322 (N.D.W.Va), and <u>aff'd in part,</u> 650 Fed. Appx. 143 (4th Cir. 2016). *See also* cases and law cited *infra* regarding misrepresentation.

<u>The Amended Complaint Fully Sets Out Constructive Fraud And Negligent Misrepresentations</u>
<u>And Disclosure Of Trade Secrets</u>

Plaintiff incorporates his argument as to fiduciary duty and negligence, see West Virginia Code 31D-8-841, "Standards of liability for directors." Levine here again denies any "legal or equitable duty" to inform Geostellar of facts of which it was unaware, directly contrary to *Bailey v. Vaughn,* 359 S.E.2d 599 (W.Va. 1987), holding that a director, who solicits a shareholder to purchase the shareholder's stock and fails to disclose information not known to the shareholder that bears upon the potential increase in value of the shares, is liable to the shareholder.  The remedy is either rescission of the sale or damages.

Writing for the Court in *Bailey*, Justice Thomas B. Miller stated:

We utilized the teachings of *Meadows* to establish Syllabus Point 2 of *Masinter v. Webco Co.,* 164 W.Va. 241, 262 S.E.2d 433 (1980):

> "While the officers and directors of a business corporation are accorded a rather broad latitude in the conduct of the affairs of the corporation, **they occupy a fiduciary relationship toward it and its shareholders**. The same fiduciary relationship exists on the part of the majority shareholders of a business corporation toward its minority shareholders."

*Bailey,* 359 S.E.2d at 605 (emphasis added).

*Masinter* represents a lead case, and has been cited over 400 times.  It cited *Hopkins v. Bryant,* 6 S.E.2d 246 (1939), which "**concerned the fiduciary relationship owed by executive officers to the corporation** and its shareholders." *Masinter*, 262 S.E.2d at 439–40 (footnote omitted, emphasis added).

It is simply to turn a blind eye on decades of West Virginia case law to say – or even suggest - that any employment agreement was the sole source of Levine's duty to Geo.

As well, here again, Levine relies upon an original complaint for which Plaintiff seeks to substitute an amended complaint. With the assumed granting of that amendment and substitution,

that original complaint will become a nullity (apart from any statute of limitations demonstration). *King v. Dogan*, 31 F.3d 344, (5th Cir. 1994)(An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." At 346)(cit. omitted).

As Levine might have pointed out, the classical "gist of the action" finding occurs when a plaintiff simultaneously asserts claims arising from a contract and those arising in tort.  As seen by *King*, that is not all the case here.

### The Amended Complaint Fully Complies With Fed. R. Civ. P 9(B)

Fed. R. Civ. P. 9 states in pertinent part:

> (b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Wright & Miller states:

> Of primary importance in understanding the particularity required of Rule 9(b) is the recognition that the general principles set forth in Rule 8 [e.g. a short and plan statement of claim] entirely inapplicable to pleadings alleging fraud; that the two rules must be read in conjunction with each other.

Wright & Miller, Federal Practice & Procedure Civil 2d (2nd Ed.) 1298, citing dozens of cases.

While Levine states that no fraudulent statements are set out in the amended complaint, it instead sets out "false and constructively false statements and representations," AC ¶ 20, including the following:

- that a cryptocurrency token could be traded at the value of one watt of energy per token, *id*;

- that cryptocurrency would not only save Geo, but make it profitable; would pay off all creditors, and/or was consistent with what Geo was doing promoting a Solar Marketplace, *id;*

- what Levine was doing with Crypto was to benefit Geo, AC ¶ 31;

- that Applied Philosophy Lab, P.B.C. was not a competitor to Geo, AC ¶32; and

- that Levine was undertaking formal arrangement between Geo and Applied Philosophy Lab, P.B.C. to license Geo's intellectual property and work collaboratively to the benefit of Geo. *Id* ¶¶ 34, 35.

These are incorporated into the Count III, Constructive Fraud and/or Negligent Misrepresentation of Facts. *Id.* ¶60.

<u>Conclusion</u>

Levine has not discharged his burden of showing that the amended complaint would be futile. The Court should grant leave to file the amended complaint.

Respectfully submitted,

MARTIN P. SHEEHAN, Trustee of the
Bankruptcy Estate of Geostellar, Inc.,


/s/ Timothy F. Cogan

Patrick S. Cassidy, Esq. (WVSB #671)
Timothy F. Cogan, Esq. (WVSB #764)
CASSIDY, COGAN,
SHAPELL & VOEGELIN, L.C.
1413 Eoff St.
Wheeling, WV 26003
P: 304-232-8100
F: 304-232-8200
pcassidy@walslaw.com
tfc@walslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:  GEOSTELLAR, INC.                    BK. NO. 3:18-BK-0045

MARTIN P. SHEEHAN, Trustee of
the Bankruptcy Estate of Geostellar, Inc.,

                                            CIVIL NO. 3:19-AP-00024

      Plaintiff,

v.

DAVID A. LEVINE, and
INDECO UNION, a Delaware Corporation,

      Defendants.

## CERTIFICATE OF SERVICE

      This is to certify that on the 31st day of August, 2021, the foregoing **Reply in Support of Motion for Leave to File Amended Complaint** was filed electronically via the Court's EM/ECF filing system, which will send notification of such filing to all counsel of record.

                        MARTIN P. SHEEHAN, Trustee of the
                        Bankruptcy Estate of Geostellar, Inc.,

                        /s/ Timothy F. Cogan

Patrick S. Cassidy, Esq. (WVSB #671)
Timothy F. Cogan, Esq. (WVSB #764)
CASSIDY, COGAN,
SHAPELL & VOEGELIN, L.C.
1413 Eoff St.
Wheeling, WV 26003
P: 304-232-8100
F: 304-232-8200
pcassidy@walslaw.com
tfc@walslaw.com

{00188162.1}                    7