IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

GEOSTELLAR, INC.,

        Debtor.

_____

MARTIN P. SHEEHAN, TRUSTEE,

        Plaintiff,

      v.

DAVID ANDREW LEVINE,

        Defendant.

Bankruptcy Case No. 18-00045
Chapter 7

Adversary Proceeding No 19-00024

**REPLY TO TRUSTEE'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

AND NOW comes the Defendant, DAVID ANDREW LEVINE, in the Adversary

Proceeding Only, by and through his attorneys, Zimmer Kunz, PLLC, and files the within Reply to

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Motion to Compel

Arbitration.

    I.    **Argument**

        **A. This matter must be sent to arbitration in accordance with the Court's
           February 7, 2020 Memorandum Opinion.**

As indicated by the Court in its Memorandum Opinion [hereinafter cited as "Doc. 14"], a

bankruptcy court generally lacks discretion to deny arbitration of non-core matters. See Doc. 14 at

5-6; Moses v. Cashcall, Inc., 781 F.3d 63, 84-85 (4th Cir. 2015) (Gregory, J., concurring) (noting

that such discretion is "necessarily narrow). In order to exercise this "narrow" discretion, there

must be more than mere conflict with the purposes of the Bankruptcy Code – "the conflict must be

02179833.DOCX 6275-0642

inherent and sufficient to override by implication the presumption in favor of arbitration." Id. at 88

(quoting U.S. Lines, Inc v. Am. Steamship Owners Mut. Prot. & Indemnity Ass'n, 197 F.3d 631,

640 (2d Cir. 1999)). Stated otherwise, to avoid arbitration of a non-core claim, a plaintiff must

show that arbitration would create an inherent conflict with the Bankruptcy Code which is severe

enough to override the long-standing presumption in favor of enforcing valid arbitration

provisions.

  The Trustee has already pleaded that this is a non-core proceeding. Although the Trustee's

Amended Complaint clearly states "[t]his is a non-core proceeding," he contradicts himself in his

Response in Opposition to Defendant's Motion to Dismiss and Motion to Compel Arbitration by

claiming that this matter is actually core.[1] See Doc. 71, ¶7; Doc. 78, ¶20. Despite the content of his

Amended Complaint, the Trustee now asserts that his instant claims are considered "core" such

that the court should deny compelling arbitration. However, the Court has already determined that

it did not have discretion to deny arbitration of this non-core proceeding.  Specifically, the Court

determined in its February 2020 Memorandum Opinion that although Mr. Levine filed a claim

against Geostellar's bankruptcy estate for wages, the Trustee's claims against Mr. Levine,

including the underlying factual averments making up those claims, were not considered a counter-

claim and were therefore non-core. See id. at 7. The Court unequivocally held that none of the facts

raised by the Trustee "implicated a provision of the Bankruptcy Code, the related rules, or this

---

[1] Paragraph 7 of the Trustee's Amended Complaint appears to be included in accordance with F. R. Bankr. P. 7008 which states that every complaint in an adversary proceeding must "contain a statement that the pleader does or does not consent to entry of final order or judgment by the bankruptcy court." Pursuant to 28 U.S.C. §157(b)(1), the bankruptcy court may only hear, determine and enter final judgment on cases under title 11 and core proceedings arising thereunder. Furthermore, 28 U.S.C. §157(c) indicates that a bankruptcy judge is not permitted to hear, determine, and enter final judgment on non-core proceedings without consent of the parties. Where the Trustee's Amended Complaint declares this case non-core, it appears the Trustee has not consented to this court's ability to hear, determine, and enter a final judgment in this case.

court's administration of bankruptcy" and therefore, the Court had no discretion to refuse enforcement of the arbitration provision. Id.

Notwithstanding these findings, the Court declined to enter a final order directing the case to arbitration to allow the Trustee to file a claim in Mr. Levine's Chapter 13 bankruptcy case. Id. The Court indicated that the filing of a proof of claim could affect the court's analysis regarding the enforcement of the arbitration clause. Id. The Trustee went on to file several claims in Mr. Levine's Chapter 13 bankruptcy case. Thereafter, the Court allowed supplemental briefing on the issue of whether such claims altered its prior findings, but, despite hearing oral argument on the same, did not make a final determination as to such question. Mr. Levine maintains now as it did then that claims filed by Geostellar in the Levine bankruptcy case have had no effect on the Court's prior determination that this is a non-core matter subject to arbitration. Where it is apparent based on the pleadings and the Court's prior ruling that this is a non-core proceeding, and where the Trustee has shown no severe conflict or even invocation of the Bankruptcy Code related to this case, this Court does not have discretion to deny enforcement of the valid arbitration provision.

Furthermore, there has been no change in factual allegations or applicable law which renders the Court's prior determination of arbitrability as moot. The Trustee's Response in Opposition to Defendant's Motion misrepresents the reasoning and findings clearly set out in the Court's Memorandum Opinion. For example, in response to Mr. Levine's original Motion to Dismiss, the Trustee argued that "at most, the arbitration clause in the Employment Agreement pertains to only his claim for a breach of contract [and that] his claims for fraud, breach of fiduciary duty, and civil conspiracy are not claims of the kind identified in the arbitration clause." See Doc. 14 at 4. However, the Court explained that if *any* of the Trustee's claims were subject to arbitration, "the court must stay a determination of the merits of the present adversary proceeding,

apparently *including Defendants' Rule 12(b)(6) motion to dismiss*" Id. at 5 (quoting Little v. Career Educ. Corp. (In re Little), Adv. Proc. No. 19-80041-JW, 2020 WL 211467, at *3 (Bankr. D.S.C. Jan. 3, 2020)) (emphasis added) (internal quotations omitted). As such, the Court reasoned that it "must first determine if the claim is subject to arbitration before addressing any issue on the merits of the claim, including Defendants' Rule 12(b)(6) motion to dismiss." Id.

As to the main question of arbitrability, the Court specifically found "that the subject arbitration clause pertains to all of the trustee's causes of action", including then-existing claims of breach of contract, fraud, breach of fiduciary duty, and civil conspiracy specifically because such claims were "based upon Mr. Levine's alleged misconduct as [Geostellar's] CEO." Id. at 6. The Court expressly recognized that Mr. Levine's title with Geostellar at the time of the alleged conduct was irrelevant to whether the related claim was subject to arbitration. Id. The Court did not consider the carefully selected titles of the claims stated in the Trustee's Complaint in determining whether such claims would be subject to arbitration. Rather the Court pointed to the specific factual averments making up those claims and determined that any claims based on Mr. Levine's employment with Geostellar were subject to the arbitration provision of the Employment Agreement. The Trustee's "careful pleading" of his Amended Complaint to avoid contract-based language has not changed the underlying facts alleged in support of his claims. In fact, the Trustee has not and cannot deny that the factual averments stated in his original Complaint have been nearly identically duplicated in his Amended Complaint. As such, the same facts and question of arbitrability which were considered by the Court in 2020 remain the same facts presently before this Court. Where federal law strongly favors honoring such arbitration provisions, and where the Court has already determined that the arbitration provision at issue applies to claims against Mr.

Levine related to his employment a Geostellar, this Court must honor the Court's prior finding and direct this case to arbitration.

**B.  The Gist of the Action applies to bar the tort claims raised in the Trustee's Amended Complaint**.

Mr. Levine's argument that the Trustee's claims for breach of fiduciary duty, negligence, and other tort claims are barred by the gist of the action is not "remarkable" or "outside of the mainstream" in any context. See Doc. 78, ¶4.  The gist of the action is intended to weed out those tort claims which must be properly cast as breach of contract claims. See Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013). In particular, the gist of the action doctrine can apply to prohibit recovery in tort in any of the following four circumstances:

> (1) where liability arises solely from the contractual relationship between the parties;
> (2) when the alleged duties breached were grounded in the contract itself;
> (3) where any liability stems from the contract; and
> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Id. at 577 (W. Va. 2013). In particular, the Southern District of West Virginia, has held that the gist of the action doctrine applies to bar tort claims brought against a company by an executive who is bound by an employment agreement where liability for such tort claims "is directly tied to the duties and obligations assumed in the employment agreement." Conner v. Associated Radiologists, Inc., 2020 U.S. Dist. LEXIS 26058 (S.D. W. Va. Feb. 14, 2020) (holding tort claims based on fraudulent misrepresentations, withheld wages, benefits, severance pay were contract claims improperly cast as tort claims).

In his response, the Trustee takes issue with Mr. Levine's inability to establish the first of the four aforementioned circumstances, claiming that Mr. Levine cannot prove that the duties

alleged to have been breached by Mr. Levine in the Amended Complaint derive solely from his Employment Agreement, as opposed to common law. The Trustee believes he has "carefully alleged" his pleading to avoid such implication by using trigger words associated with tort theories, which are nonetheless based on the same factual averments set forth in his original Complaint claiming breach of contract. However, this is not the only circumstance under which the gist of the action applies.

In addition to the Employment Agreement serving as the sole source of liability, Mr. Levine maintains that the duties alleged to have been breached in the Trustee's Amended Complaint are explicitly grounded and stated in Mr. Levine's Employment Agreement.  Although there certainly exist common law duties which officers and directors owe to a company and its shareholders, the actual source of the duties alleged to have been violated by Mr. Levine is the express language of his Employment Agreement, which are addressed more fully in Mr. Levine's Memorandum in Support of Motion to Dismiss and Motion to Compel Arbitration.  Contrary to the Trustee's mischaracterization of Mr. Levine's arguments, Mr. Levine has never maintained that common law duties do not exist or apply to him. Rather, the duties specifically raised by the Trustee in his Amended Complaint are explicitly set forth and imposed on Mr. Levine pursuant to the clear and incontrovertible language of his Employment Agreement. Therefore, such duties are grounded in the Agreement itself. Therefore, as in Conner, *supra*, where the tort claims set forth in the Trustee's Amended Complaint are based on the same factual circumstances and duties imposed by the Employment Agreement, such tort claims improperly duplicate a breach of contract claim.

Additionally, application of the gist of the action does not require simultaneously alleged tort and breach of contract claims. The West Virginia Supreme Court of Appeals has held:

> If the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance,

it is, in substance, an action on the contract, whatever may be the form of the pleading. If the plaintiff states a cause of action for breach of contract, additional averments appropriate to a cause of action for a wrong will not convert the cause of action into one for tort, and the part of his pleading appropriate to an action in tort will be considered surplusage. And even though an action may be in the form of tort, yet, if the subject of it is based on contract, the action will be attended by all the incidents of an action ex contractu.

Cochran v. Appalachian Power Co., 246 S.E.2d 624, 628 (W. Va. 1978) (quoting 1 Am. Jur.2d Actions §8 (1862)). See also Blankenship v. Westfield Ins. Co., 2015 U.S. Dist. LEXIS 62503 (S.D. W. Va. May 13, 2015) ("West Virginia applies the 'gist of the action doctrine' to determine if a claim sounds in contract or in tort.").

It is irrelevant that the Trustee's Amended Complaint does not simultaneously state a claim for breach of contract with its tort claims. Mr. Levine's Employment Agreement and Addendum are the sole vehicle by which Mr. Levine became and acted as CEO of Geostellar. Therefore, such contract is a necessary prerequisite to establish the basis of the Trustee's improperly recast tort claims. Without said Agreement, Mr. Levine would not have been in any position from which he would have owed any common law duties alleged to have been breached as the Trustee now claims.

The Trustee would have this Court set aside the undisputedly valid Employment Agreement between Geostellar and Mr. Levine for his intentionally labelled "tort claims" merely because similar common law duties exist and could apply to Mr. Levine. However, it matters not to this Court that the law imposes similar duties on officers or directors where the duties alleged to have been violated by Mr. Levine are specifically and expressly imposed by and grounded in Mr. Levine' Employment Agreement and Addendum. But for the existence of the Employment Agreement, Mr. Levine would not have been employed as CEO of Geostellar and therefore none of the common law duties alleged to have been breached by Mr. Levine would apply. But for his Employment Agreement, Mr. Levine is not an officer or director subject to liability at all.

Therefore, where all alleged liability against Mr. Levine exists solely on the basis of his

employment with Geostellar via the Agreement and Addendum, the Trustee is prohibited from

reframing his breach of contract claims as tort claims under gist of the action doctrine.

### C. The Trustee's allegations of construction fraud are insufficient.

The "fraudulent statements" referenced by the Trustee in his Response are facially non-

representative of any fraud. The Trustee points to these claims, but in no way indicates in his

Response or in his Amended Complaint how these statements may be considered fraudulent or

misrepresentative of fact in any way. They are merely statements of actions by Mr. Levine which

in retrospect, the Trustee does not agree with or believes were wrong. These are not allegations of

constructive fraud. There is no allegation of concealment of truth or nondisclosure of facts, as

opposed to opinions. For these reasons, Mr. Levine maintains that the Trustee has failed to

sufficiently plead his claim of constructive fraud.

The Trustee has submitted no response to Mr. Levine's claim that he has similarly failed to

sufficiently plead a claim for negligent misrepresentation under West Virginia law.

### D. The Economic Loss Doctrine applies to bar the Trustee's negligence claim.

The Trustee claims that Mr. Levine has failed to acknowledge the Court's holding in

Aikens v. Debow, 541 S.E.2d 576, 599 (W.Va. 2000), which prohibits tort claims for "purely

economic loss from an interruption in commerce" in the absence of any physical injury to person

or property, or a contractual relationship with the tortfeasor. Aikens also prohibits recovery of

purely economic loss absent "some other special relationship between the alleged tortfeasor and

the individual who sustains purely economic damages sufficient to compel the conclusion that the

tortfeasor had a duty to the particular plaintiff and that the injury complained of was clearly

foreseeable to the tortfeasor." Id.

The Trustee claims no physical injury to person or property and, as described above, refuses to acknowledge the contractual relationship between Mr. Levine and Geostellar. Therefore, to establish the exception to the economic loss doctrine set forth in <u>Aikens</u>, the Trustee must establish the existence of a "special relationship" between Mr. Levine and Geostellar. The Trustee makes no factual allegation setting forth the terms of this special relationship, but merely categorically implies that since Mr. Levine was not a stranger to Geostellar or the Trustee, there exists a special relationship. Where the Trustee has made no effort to plead or prove a special relationship or any other exception to the economic loss doctrine which bars his recovery of solely economic damages, the Trustee's negligence claim must be dismissed.

The Trustee's repeated reference to the existence of an insurance policy and questions of coverage have no place in evaluating the liability of Mr. Levine, the sufficiency of the Trustee's claims or the arbitrability of the same. <u>See</u> Doc. 78, ¶39.

### E.   Conclusion

Despite the Trustee's creative efforts to "carefully allege" his Amended Complaint to avoid mentioning the existence of Mr. Levine's Employment Agreement and Addendum, the duties claimed to have been breached by Mr. Levine and alleged facts supporting his newly titled tort claims arise solely from the existence and terms of that Agreement. As such, the gist of the action doctrine applies to prevent the casting of contract claims as tort claims and the Trustee's Amended Complaint must be dismissed.

Furthermore, in addition to and in the alternative, the Court's February 7, 2020 Memorandum Opinion has in no way become "moot" where the same underlying facts have been alleged in support of the Trustee's newly titled tort claims. Since the Court's prior determination was based on the same factual allegations raised in the Trustee's Amended Complaint, this Court

must defer to the prior Court's ruling and direct this case to arbitration. Furthermore, because this is a non-core proceeding, and there is no severe conflict with the Bankruptcy Code presented by Plaintiff's Amended Complaint, the Court lacks discretion to forego enforcement of the arbitration provision in Mr. Levine's Employment Agreement and Addendum.

Additionally, the Trustee's Amended Complaint remains devoid of any factual allegations that the statements or representations allegedly made by Mr. Levine were in any way constructively fraudulent. In the same sense, the Trustee's claim of negligence is equally deficient where the Trustee has failed to establish an exception to the economic loss doctrine which would allow him to recover for solely economic loss.

For these reasons as well as in Defendant's prior submissions, Mr. Levine's Motion to Dismiss and Motion to Compel Arbitration should be GRANTED.

Respectfully submitted,

ZIMMER KUNZ, PLLC


Date:  November 5, 2021                    By:    */s/George N. Stewart*_____
                                                  George N. Stewart, Esquire
                                                  W.V. I.D. No. 5628
                                                  132 South Main Street; Suite 400
                                                  Greensburg, PA  15601
                                                  (724) 836-5400
                                                  stewart@zklaw.com


                                           By:    */s/Joseph F. Butcher*_____
                                                  Joseph F. Butcher, Esquire
                                                  W.V. I.D. No. 13493
                                                  310 Grant Street, Suite 3000
                                                  Pittsburgh, PA 15219
                                                  (412) 434 - 5449
                                                  butcher@zklaw.com


                                                  Attorneys for Defendant,
                                                  David Andrew Levine in the Adversary
                                                  Proceeding Only


02179833.DOCX 6275-0642                    10

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than 18 years of age and that I served the Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss  and Motion to Compel Arbitration in the above-captioned proceeding on the parties listed below on *November 5, 2021*.

In addition, I caused a copy of the above-captioned pleadings to be served on all parties who have electronically entered a notice of appearance through the notice of filing generated by the Court's Case Management/Electronic Case File CM/ECF System.

The type of service made on the parties is specified below.

**Electronic Mail:**

Martin P. Sheehan, Trustee
Sheehan & Associates, PLLC
41 – 15th Street
Wheeling, WV  26003

Patrick S. Cassidy, Esquire
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV  26003

Timothy Francis Cogan, Esquire
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV  26003

Respectfully submitted,


By:   */s/George N. Stewart*
George N. Stewart, Esquire
W.V. I.D. No. 5628
132 South Main Street; Suite 400
Greensburg, PA  15601
(724) 836-5400
stewart@zklaw.com

By:    */s/Joseph F. Butcher*
        Joseph F. Butcher, Esquire
        W.V. I.D. No. 13493
        310 Grant Street, Suite 3000
        Pittsburgh, PA 15219
        (412) 434 - 5449
        butcher@zklaw.com


        Attorneys for Defendant,
        David Andrew Levine in the Adversary
        Proceeding Only