

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEOSTELLAR, INC., | ) | Case No. 18-bk-45 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| MARTIN P. SHEEHAN, Trustee of the | ) | |
| Bankruptcy Estate of Geostellar, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 19-ap-24 |
| | ) | |
| DAVID A. LEVINE, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## **MEMORANDUM OPINION**

David A. Levine seeks to compel arbitration of the above-captioned adversary proceeding filed against him by Martin P. Sheehan, the Chapter 7 trustee administering the bankruptcy estate of Geostellar, Inc. (the "Debtor"). Alternatively, Mr. Levine contends that the court should dismiss the trustee's complaint against him because it fails to state a claim upon which the court can grant relief. He claims the trustee's action is barred by the gist of the action doctrine and the economic loss doctrine.

In opposition, the Chapter 7 trustee contends that arbitration is not appropriate because his current claims in his amended complaint are sufficiently different from those he originally asserted; namely, he dropped his claims based upon Mr. Levine's past employment as an officer of the Debtor. Regarding Mr. Levine's motion to dismiss, the trustee asserts that the gist of the action and economic loss doctrines do not apply in this proceeding to serve as a basis for dismissal.

For the reasons stated herein, the court will enter a separate order denying Mr. Levine's motion to arbitrate or, in the alternative, to dismiss.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

Generally, "courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated to the complaint." *Zak*, 780 F.3d at 606 (internal citations omitted). If a document is "integral to and explicitly relied on in the complaint" and there are no questions as to the authenticity of that document, then a court may consider the document as it has effectively been incorporated to the complaint. *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

## II. BACKGROUND

Notably, this is the second time issues regarding the arbitrability and viability of the trustee's complaint have been before the court. On March 7, 2020, the court entered a memorandum opinion staying consideration of certain issues raised in this proceeding so that Mr. Levine's underlying bankruptcy case—then, a Chapter 13 case—could develop. Ultimately, after certain developments, including a failed mediation, the court granted the trustee leave to amend his complaint, which led to the extant motion.

The Debtor's business was to provide a marketplace pairing consumers interested in transitioning to solar energy with necessary information, including vendors, installers, and lenders engaged in financing such transitions. The Debtor purportedly created proprietary software to aid its business development in that regard. Notably, however, the business was not profitable prepetition, but the Debtor hoped to generate sufficient revenue to raise capital or otherwise grow its business and reach long-term profitability. At all times material to the Debtor's complaint before January 24, 2018, David A. Levine served on the Debtor's Board of Directors.

According to the trustee, Mr. Levine's role on the Debtor's Board of Directors imposed upon him certain duties for the Debtor's benefit. Despite that, the trustee avers that Mr. Levine took steps unilaterally to change the focus of the Debtor's business in dereliction of his duties to the Debtor as a director. Among other things, the trustee alleges that Mr. Levine created a direct competitor of the Debtor, made false statements to the Board of Directors in that regard, and took other action that benefitted him personally in contravention of his duty of loyalty to the Debtor.

The trustee initiated this proceeding on May 20, 2019. After subsequent developments, including a failed mediation, the trustee amended his complaint with leave of the court on September 24, 2021. Mr. Levine, now the sole defendant, again responded to the complaint with the extant motion to compel arbitration or to dismiss.

## III. ANALYSIS

First, Mr. Levine contends that the trustee's claims are subject to the arbitration clause in Mr. Levine's employment contract such that the claims cannot proceed here. He also contends that the trustee otherwise fails to state a claim upon which the court can grant relief such that the court should dismiss the complaint under Rule 12(b)(6). In short, Mr. Levine asserts that the court's earlier analysis regarding arbitrability leads inexorably to arbitration. In the alternative, Mr. Levine contends that the trustee otherwise fails to state a claim upon which the court can grant

3

relief. In that regard, Mr. Levine contends that the trustee's claims are subject to the gist of the action doctrine and the economic loss doctrine.

The trustee asserts that his complaint should survive the motion to dismiss because, put simply, he abandoned the claims subject to the arbitration clause in the Employment Agreement. Specifically, the trustee argues that the arbitration clause in the Employment Agreement governs only claims against Mr. Levine based on his former employment as an officer of the Debtor. The trustee posits that because Mr. Levine also served on the Debtor's board of directors, liability arising from his capacity in that regard are not subject to arbitration. Additionally, the trustee contends he adequately states a cause of action upon which the court can grant relief. Specifically, he argues that neither the gist of the action doctrine nor the economic loss doctrine precludes relief.

Regarding arbitration, the court previously observed that if one or more of the trustee's claims are subject to arbitration, the court must "stay a determination of the merits of the present adversary proceeding, apparently including Defendants' Rule 12(b)(6) motion to dismiss." *Sheehan v. Levine (In re Geostellar, Inc.)*, 614 B.R. 669, 674 (Bankr. N.D.W. Va. 2020) (citing *Little v. Career Educ. Corp. (In re Little)*, Adv. Proc. No. 19-80041-JW, 2020 WL 211467, at *3 (Bankr. D.S.C. Jan. 3, 2020)). "Therefore, . . . the Court must first determine if the claim is subject to arbitration before addressing any issue on the merits of the claim, including Defendants' Rule 12(b)(6) motion to dismiss." *Little*, 2020 WL 211467, at *3 (citing *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 104 (4th Cir. 2012) and *McLean v. U.S.*, 566 F.3d 391, 398 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice.")).

When the court last examined this issue, the trustee's complaint contained principally a breach of contract action against Mr. Levine based upon his employment as CEO. That claim undoubtedly fell within the subject arbitration clause in Mr. Levine's Employment Agreement. Additionally, the court was unpersuaded by the trustee's argument that his claims against Mr. Levine as a director were distinct from the breach of contract claims. *In re Geostellar, Inc.*, 614 B.R. at 675. As the court observed, "the trustee's complaint centers almost exclusively around conduct Mr. Levine likely undertook in his role as CEO," and the court listed certain examples in that regard. *Id*. More importantly, "the trustee only incidentally allege[d] failures of Mr. Levine as director, for instance by referencing his breach of 'other fiduciary duties.'" *Id*. Ultimately, the

4

court found that all of the claims were subject to arbitration because "[t]he claims against Mr. Levine as director are so inexorably linked to his conduct as CEO . . . ." *Id*.

Here, however, in the trustee's amended complaint, there is no action for a breach of contract. Instead, the trustee's four-count complaint alleges breach of fiduciary duty (Count I), negligence (Count II), constructive fraud and/or negligent misrepresentation of facts (Count III), and a violation of the Uniform Trade Secrets Act (Count IV). Mr. Levine correctly recites the court's earlier findings regarding the trustee's original complaint. Indeed, the trustee initially alleged a breach of the Employment Agreement and "other fiduciary duties." Notably, however, Mr. Levine's motion to compel arbitration and to dismiss conflates his employment as CEO with his service on the Debtor's board of directors. Indisputably, at least some of the underlying facts supporting the trustee's amended complaint could also support a breach of contract action, but the trustee chose to not bring a claim against Mr. Levine based upon his employment as CEO. Although the facts alleged may support multiple causes of action, the trustee's amended complaint is as distinct from a breach of contract action as Mr. Levine's employment as CEO is distinct from his service as a director. CEO and director are two separate hats that Mr. Levine wore in his time with the Debtor, and the court finds the distinction—which the trustee's original complaint lacked—to be significant.

Having determined that this action is not subject to arbitration, the court must now consider whether the trustee's complaint survives Mr. Levine's motion to dismiss. In that regard, Mr. Levine contends that the trustee fails to state a claim upon which the court can grant relief because the actions are barred by the gist of the action doctrine and the economic loss doctrine. Specifically, he argues that the trustee's claims in Counts I and II are barred by the gist of the action doctrine. Additionally, he claims that the economic loss doctrine also bars recovery under Count II. Finally, Mr. Levine contends that the trustee failed to plead Count III with the particularity required by Fed. R. Civ. P. 9(b), made applicable here by Fed. R. Bankr. P. 7009.

The trustee counters that Counts I and II are not subject to dismissal because the gist of the action doctrine and the economic loss doctrine are not applicable based upon his claims. Specifically, the trustee asserts that the gist of the action doctrine does not proscribe Counts I and II because the duties to the Debtor that Mr. Levine breached are not the result of the Employment Agreement but arose based upon his service on the Debtor's board of directors. Additionally, the trustee contends that the economic loss doctrine does not bar recovery on Count II because Mr.

Levine owed duties to the Debtor as a director, irrespective of his employment as the Debtor's CEO. Finally, regarding Count III, the trustee argues that he sufficiently pleaded an action for constructive fraud.

"Under the 'gist of the action' doctrine, a party to a contract can prevail on a [tort] claim only if he can demonstrate 'the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation.'" *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976 (4th Cir. 2015) (citing *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619, 624 (W. Va. 2002)). The doctrine bars a tort action if a party establishes any of the following:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially *duplicates* the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Princeton Cmty. Hosp. Ass'n, Inc. v. Nuance Commc'ns, Inc.*, Civ. Act. No. 1:19-00265, 2020 WL 1698363, at *6 (emphasis added) (quoting *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013)). "Stated succinctly, whether a tort claim can *coexist* with a contract claim is determined by examining whether the parties' obligations are defined by the terms of the contract." *Gaddy*, 746 S.E.2d at 577 (emphasis added) (citation omitted).

Regarding the economic loss doctrine, it limits recovery for "an individual who sustains purely economic loss . . . in the absence of physical harm to that individual's person or property, a contractual relationship with the alleged tortfeasor, or some other special relationship." *City of Charleston, West Virginia v. Joint Comm'n*, 473 F.Supp.3d 596, 615 (S.D.W. Va. 2020) (citing *Aikens v. DeBow*, 541 S.E.2d 576, 589 (W. Va. 2000)).

Considering the parties' respective arguments, the court finds that neither doctrine defeats the trustee's amended complaint. First, the gist of the action doctrine is inapplicable to the trustee's amended complaint because, put simply, the trustee does not allege a contract action against Mr. Levine based upon his employment as CEO. Despite relying almost exclusively on the Employment Agreement in his original complaint, he abandoned his contract action and seeks only to recover from Mr. Levine based upon alleged breaches of duties Mr. Levine owed to the Debtor as a member of the Debtor's board of directors. That is significant given what a party must show

to limit recovery based on the gist of the action doctrine. Moreover, the court is unpersuaded by Mr. Levine's argument that the trustee's amended complaint restates his contract action. As the court notes above regarding arbitrability, the fact that the same operative facts support both a contract action and tort actions is immaterial. Mr. Levine's role as CEO and his role as a director are distinct. The trustee can plead and prove his action without pleading and proving the Employment Agreement such that the gist of the action doctrine does not apply.

Additionally, the court finds that the economic loss doctrine does not defeat Count II of the trustee's complaint because he alleges a special relationship between the Debtor and Mr. Levine, one of its directors. The fact that the Debtor also employed Mr. Levine as CEO does not overshadow his role as a director and any duty to exercise a standard of care that pertained thereto. The court views Mr. Levine's two roles with the Debtor as distinct and equal. That is not to say that the trustee will ultimately prevail on either Count I or Count II, but the court only adjudges the sufficiency of the complaint at this stage of the proceeding and finds that the trustee stated plausible causes of action in those regards.

Finally, the court finds that the trustee states with sufficient particularity his claim of constructive fraud against Mr. Levine. Specifically, the trustee alleges that in the summer of 2017, Mr. Levine "made various false and constructively fraudulent statements and representations to Board Members and creditors to the effect that a cryptocurrency token could be traded at the value of one watt of energy per token; that cryptocurrency would not only save [the Debtor], but make it profitable . . . ." It remains to be seen whether the trustee can prove his allegations, but the court finds that the trustee at least states a plausible cause of action with sufficient particularity to survive Mr. Levine's motion to dismiss.

### IV. CONCLUSION

Based upon the foregoing, the trustee's complaint is not subject to either arbitration or dismissal. The court will enter a separate order denying Mr. Levine's motion.

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0424–3 | User: ad | Date Created: 3/21/2022 |
| Case: 3:19–ap–00024 | Form ID: pdfdoc | Total: 12 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
aty            Cortland Putbrese

TOTAL: 1

**Recipients of Notice of Electronic Filing:**
intp           Leslie Gallian          leslie_gallian@wvsb.uscourts.gov
aty            George Stewart          stewart@zklaw.com
aty            Joseph Frederick Butcher          butcher@zklaw.com
aty            Martin P. Sheehan          sheehanparalegal@wvdsl.net
aty            Patrick S Cassidy          pcassidy@walslaw.com
aty            Timothy Francis Cogan          tfc@walslaw.com

TOTAL: 6

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
pla            Martin P. Sheehan          Sheehan & Associates, PLLC          41 – 15th Street          Wheeling, WV 26003
dft            David A. Levine          2426 Steamboat Run Road          Sheperdstown, WV 25401
dft            Indeco Union          11911 Freedom Drive          8th Floor          Reston, VA 20190
aty            Janet Smith Holbrook          Dinsmore & Shohl LLP          611 Third Avenue          Huntington, WV 25701
ust            United States Trustee          2025 United States Courthouse          300 Virginia Street East          Charleston, WV 25301

TOTAL: 5