IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **IN RE:**     **GEOSTELLAR, INC.** <br>                        Debtor. | **BANKRUPTCY NO: 18-0045** |
| **MARTIN P. SHEEHAN, Trustee of the Bankruptcy Estate of Geostellar, Inc.** <br>                        Plaintiff, <br> vs. <br> **DAVID A. LEVINE and** <br> **INDECO UNION, a Delaware Corporation** <br>                        Defendant. | **ADV. PROC. NO. 3:19-ap-00024** |

**OBJECTION TO MOTION TO PAY ATTORNEY FEES**
**MADE BY PHILADELPHIA INDEMNITY COMPANY**

Now comes Martin P. Sheehan, Esq., Trustee of the Bankruptcy Estate of Geostellar, Inc., by his attorneys, Martin P. Sheehan, Esq., and Sheehan & Associates, PLLC and responds to the Motion of Philadelphia Insurance Co., to allow payment of Defense Costs for Defendant, David A. Levine by filing this objection.

The Bankruptcy Estate of Geostellar, Inc., purchased an extension of a Director's and Officer's Liability policy with funds that the Bankruptcy Estate was authorized to borrow from Philadelphia Insurance Companies through Maury, Donnelly, and Parr, Inc. See docket entry 96. The policy is property of the Estate.

The policy has been described as a "wasting policy." That means that funds used to pay defense costs are not available to pay claims, such as the claim made by Geostellar, Inc., against Mr. Levine.

The movants allege that Mr. Levine needs to defend himself and is entitled to the funds in

the policy for that purpose. But that is not clear. Mr. Levine has been a Chapter 7 Debtor since February 26, 2020. See Docket Entry 73 in Bankruptcy Case No. 3:19-bk-01048.

No claim to deny a discharge to Mr. Levine has been made by the Plaintiff in that case. The time to do so was July 12, 2020. It has expired.

This debt is scheduled for discharge as to Mr. Levine personally.[1] A proof of claim has been filed by the Bankruptcy Estate of Geostellar, Inc., and that claim will be satisfied, unless challenged,[2] by the Bankruptcy Estate of Mr. Levine, if it has the funds to do so.

The bankruptcy of Mr. Levine does not create a windfall for the insurer under West Virginia law. See e.g., Anderson v. Robinson, 186 W.Va. 92, 411 S.E.2d 35 (1993) and In re: Honosky, 6 B.R. 667 (Bankr. S.D. W.Va. 1980). The insurer may defend its own interest in having to pay the proceeds of the policy, but the insurer is not a beneficiary of its own policy. There is no reason to diminish the funds available to satisfy a judgment if, and when obtained by the Plaintiff in this case. The prima facie claim filed by the Plaintiff exceeds the policy limits and diminution of the available funds are likely to injure the Bankruptcy Estate of Geostellar, Inc.

In relying on In re: MILA, Inc., 423 B.R. 537 (9th Cir. BAP 1998) to permit payment of "defense costs" the movants ignore this significant differences with the instant case. Likewise, in In re: Beach First National Bakshares, Inc., (Bankr. D. S.C. 2011) Bankruptcy Judge David Duncan held that payment of defense costs was contra-indicated "if depletion of proceeds would have an adverse effect on the estate . . . ." Id. at 409.

---

[1] While no discharge has yet been issued, it appears that is because of the pendency of an adversary proceeding instituted by others, specifically by Truth Tellers, LLC.

[2] A proof of claim is prima facie evidence of a claim. 11 U.S.C. § 502(a). A proof of claim may be challenged, but the challenging party must offer evidence sufficient to rebut the presumptive validity of the claim. If that occurs, the ultimate burden is on the claimant. Stancill v. Harford Sands, Inc., (In re: Harford Sands, Inc., ) 372 F.3d 637 (4th Cir. 2004).

The Bankruptcy Estate of Geostellar, Inc., is willing to consider a resolution of the underling claim that might create an excess for the benefit of attorneys for the carrier, but until resolved in a manner that would demonstrate a clear excess under the policy, the Bankruptcy Estate of Geostellar, Inc., is opposed to diminution of its claim by an incursion into the full value of the policy.

WHEREFORE, the Bankruptcy Trustee of the Bankruptcy Estate of Geostellar, Inc., opposes the relief requested.

RESPECTFULLY SUBMITTED,

/s/ *Martin P. Sheehan*
Martin P. Sheehan, Esq.
WV Bar #4812

**SHEEHAN & ASSOCIATES, PLLC**
1 Community St., Ste 200
Wheeling WV 26003
(304) 232-1064
(304) 232-1066 FAX
SheehanBankruptcy@WVDSL.net
Sheehan Paralegal@WVDSL.net

## CERTIFICATE OF SERVICE

This is to certify that on the December 18, 2020, the foregoing **Objection to Motion to Pay Attorney Fees Made by Philadelphia Indemnity Company Was** filed electronically via the Court's EM/ECF filing system, which will send notification of such filing to all counsel of record.

Notice is also being given to:

| | |
|---|---|
| Keith J. Pappas, Esquire<br>kpappaslaw@labs.net | Charles I. Jones, Jr., Esquire<br>cjones@campbellwoods.com |
| Salene Rae Mazur Kraemer, Esquire<br>Arthur W. Zamosky, Esquire<br>skraemer@bernsteinlaw.com<br>azamosky@bernsteinlaw.com | Patrick S Cassidy, Esquire<br>Timothy F. Cogan, Esquire<br>pcassidy@walslaw.com<br>tfc@walslaw.com |
| Aaron C. Amore, Esquire<br>aaron@amorelaw.com | Debra A. Wertman, Esquire<br>debra.a.wertman@usdoj.gov |
| Thomas H. Fluharty<br>thfaal@aol.com | Corland Putbrese<br>cputbrese@dbllawyers.com |
| Debra Tedeschi Varner, Esquire<br>dtvarner@vv-wvlaw.com | Michael Joshua Lichtenstein, Esquire<br>mjl@shulmanrogers.com |
| Michael L. Scales, Esquire<br>mlscales@frontier.com | Christopher Schueller, Esquire<br>christopher.schueller@bipc.com |
| Kenneth J. Barton, Jr.<br>kenneth.barton@steptoe-johnson.com | Brian Richard Blickenstaff<br>bblickenstaff@turnerjohns.com |
| James Paul Campbell<br>jcampbell@campbellflannery.com | W. Scott Campbell<br>wcampbell@siwpc.com |
| Kelsey Swaim Miller<br>kelsey.miller@steptoe-johnson.com | Evan Moscov<br>evan.moscov@moscovlaw.com |
| Kathy M. Santa Barbara.<br>ksantabarbara@yahoo.com | Dorothy Carol Sasser<br>dsasser@siwpc.com |
| James R. Sheatsley<br>jsheatsley@suddenlinkmail.com | |

| | |
|---|---|
| State of California<br>Bankruptcy Section MS A340<br>Franchise Tax Board<br>PO Box 2952<br>Sacramento, CA 95812-2952 | Norm Daniels<br>Nicholas Stuchell<br>Daniels Law Firm<br>BB&T Square, Suite 1270<br>300 Summers Street<br>PO Box 1433<br>Charleston, WV 25325 |
| OBX 2018-1 Trust c/o Specialized Loan Servicing, LLC<br>6200 S. Quebec Street<br>Greenwood Village, CO 80111 | Flora G. Sweeney<br>3828 8th Ave.<br>PO Box 494<br>Wisconsin Dells, WV 53965 |
| OBX 2018-1 Trust<br>14841 Dallas Pkwy Suite 425<br>Dallas, TX 75254 | A. Neal Barkus<br>1328 River Road<br>Shepherdstown, WV 25443 |
| OBX 2018-1 Trust c/o Specialized Loan Servicing, LLC<br>6200 S. Quebec Street<br>Greenwood Village, CO 80111 | |

/s/ *Martin P. Sheehan*
Martin P. Sheehan