**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THOMAS H. FLUHARTY, Trustee
of the Bankruptcy Estate of
David Levine and Monica Levine,
and MARTIN P. SHEEHAN, Trustee
of the Bankruptcy Estate of Geostellar, Inc.**

Appellants,

v.                                               **CIVIL ACTION NO.: 3:22-CV-50
(GROH)**

**PHILADELPHIA INDEMNITY COMPANY, and
DAVID A. LEVINE, debtor,**

Appellees.

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE BANKRUPTCY COURT'S ORDERS**

Martin P. Sheehan, Trustee of the Bankruptcy Estate of Geostellar, Inc., ("Geostellar Trustee") and Thomas H. Fluharty, Trustee of the Bankruptcy Estate of David Levine and Monica Levine ("Levine Trustee") (collectively "Appellants") appeal from the United States Bankruptcy Court for the Northern District of West Virginia's March 21, 2022 Order Granting Motion to Dismiss Adversary Proceeding in 3:21-ap-00019. ECF No. 1. The Appellants also appeal the bankruptcy court's prior November 2, 2021 Order Denying Plaintiffs' Motion for Preliminary Injunction. Upon review and consideration of the parties' briefs, the record, and pertinent case law, the Court holds that a hearing is not necessary as the issue of standing, which this appeal turns on, is a purely legal dispute. See Fed. R. Bankr. P. 8019(b)(3), 8013(c). For the reasons that follow, the bankruptcy court's decisions are **AFFIRMED**.

## I. Background[1]

### A. Underlying Bankruptcy and Adversary Proceedings

On January 29, 2018, Geostellar, Inc., filed for Chapter 11 bankruptcy protection, as docketed in case 3:18-bk-00045. Four months later, the bankruptcy court converted Geostellar's case from a Chapter 11 to a Chapter 7 proceeding. ECF Nos. 7-3, 7-4; ECF Nos. 77, 78 in 3:18-bk-00045. After the case was converted, Martin P. Sheehan was designated as the Chapter 7 Trustee for Geostellar.

While David A. Levine did not sign the bankruptcy petition for Geostellar, he was the President, CEO, and Founder of Geostellar until three days before the bankruptcy proceeding began. On December 13, 2019, nearly two years after Geostellar filed for bankruptcy, Mr. Levine and his wife filed for bankruptcy relief under Chapter 13, as docketed in case 3:19-bk-01048. ECF No. 8-1; ECF No. 1 in 3:19-bk-01048. Two months after the Levines filed for bankruptcy under Chapter 13, the bankruptcy court converted the matter to a Chapter 7 proceeding. After the matter was converted, Thomas H. Fluharty was designated as the Chapter 7 Trustee.

Some time prior to filing for bankruptcy, Geostellar had purchased a director's and officer's liability policy from Philadelphia Indemnity Insurance Company, which covered Mr. Levine for the period of May 31, 2017, to May 31, 2018. During the Geostellar bankruptcy proceeding, the Geostellar Trustee purchased, on behalf of the Geostellar Estate, an extension of that existing policy. The Geostellar Trustee then initiated an adversary proceeding against Mr. Levine, individually, and Indeco Union, another

---

[1] The facts recited are taken from the parties' briefs and the designated record on appeal. The designated record is voluminous, as the appeal involves two bankruptcy proceedings, two adversary proceedings, and a claims register. The substance of many of the docketed filings is not pertinent to the issues raised on appeal.

2

company of Mr. Levine's, docketed as Sheehan v. Levine et al. in 3:19-ap-00024,[2] ("Geostellar adversary proceeding"). Philadelphia was given notice when this suit was filed.

Philadelphia provided Mr. Levine with a defense and considered him the individual insured under its policy. Philadelphia and the Geostellar Trustee were scheduled to mediate in 3:19-ap-00024 in the summer of 2021. On the eve of mediation, Philadelphia informed the Geostellar Trustee that its director's and officer's liability policy was a consent policy, which required consent from Mr. Levine as the insured, before any offer of settlement could be made or increased.

The Geostellar Trustee disagreed; he insisted that the Levine Trustee held the power to consent under Philadelphia's policy. The Levine Trustee agreed with the Geostellar Trustee; the Levine Trustee argued that the power to consent under Philadelphia's policy belongs to the Levine Bankruptcy Estate, not Mr. Levine individually.

On August 13, 2021, the Geostellar Trustee and the Levine Trustee, jointly initiated an adversary proceeding against Philadelphia and Mr. Levine in the Levine bankruptcy proceeding, docketed as 3:21-ap-00019. It is this adversary proceeding that forms the basis of the present appeal before this Court. In the underlying adversary proceeding, the Trustee Plaintiffs moved for a declaratory judgment and for both a preliminary and permanent injunction to establish that Mr. Levine did not possess the right to consent to settlement and that the consent right was property of the bankruptcy estate of Mr. Levine.

---

[2] The adversary proceeding docketed as 3:19-ap-00024 was filed by the Geostellar Trustee against Mr. Levine and Indeco Union in the Geostellar bankruptcy proceeding. In that adversary proceeding, the Geostellar Trustee alleges civil conspiracy, breach of fiduciary duty, fraud, and breach of contract. The underlying facts of this adversary proceeding are not relevant to the Court in this appeal; however, the Court briefly describes the proceeding here due to the partial overlap of parties and parties' repeated references to outside proceedings, mainly as it relates to the Geostellar bankruptcy.

ECF Nos. 5-1, 5-2; ECF Nos. 1, 2 in 3:21-ap-00019. A month later, Philadelphia filed a Motion to Dismiss Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), which are incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b). ECF No. 5-6; ECF No. 19 in 3:21-ap-00019. On October 28, 2021, Chief Judge B. McKay Mignault held a hearing on the pending motion for preliminary injunction and motion to dismiss, during which she issued an oral opinion denying injunctive relief. ECF No. 34 in 3:21-ap-00019.

In her opinion, Chief Judge Mignault found that neither the Geostellar Trustee nor the Levine Trustee had standing file for an injunction. When analyzing the alleged injury in fact element of standing for both Trustees, the bankruptcy judge found that the Trustees attempted to "manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." ECF No. 53 at 13 in 3:21-ap-19.

Focusing on the Geostellar Trustee specifically, the bankruptcy judge found that the Geostellar Trustee could not establish standing to sue Philadelphia based on his filing of an adversary proceeding against Mr. Levine in the Geostellar bankruptcy. The bankruptcy judge noted that Philadelphia agreed to defend Mr. Levine in the Geostellar adversary proceeding, wherein the Geostellar Trustee is not acting as an insured under Philadelphia's policy, but he is instead suing Mr. Levine, a former director and officer of Geostellar. Geostellar itself faces no liability in the Geostellar adversary proceeding. West Virginia state law prohibits direct action against an insurer until a judgment has been obtained against the insured, and the bankruptcy judge found that the Geostellar Trustee was improperly attempting to initiate an action against Philadelphia as a third-party

claimant. Therefore, the bankruptcy judge concluded that the Geostellar Trustee did not have a basis for standing to either request declaratory judgment or seek an injunction in this matter.

Looking to the Levine Trustee, the bankruptcy judge found that he has no cognizable interest in the Philadelphia insurance policy because that policy protects Mr. Levine in his capacity as a director or officer, not Mr. Levine personally. The policy's coverage will not provide funds for Mr. Levine's personal creditors; instead, any funds recovered against Mr. Levine in the Geostellar adversary proceeding will funnel to Geostellar. Therefore, the Levine Trustee simply has no interest in the Geostellar adversary proceeding at all because the outcome in that proceeding will not affect Mr. Levine's personal estate.

Moreover, the bankruptcy judge found that the Levine Trustee cannot allege any injury in fact because there is no possibility of monetary injury to the Levine Estate in the Geostellar adversary proceeding. The bankruptcy judge emphasized that "[l]iterally nothing about the decision as to who controls settlement consent will have any effect on the Levine Estate." ECF No. 53 at 20 in 3:21-ap-00019. In the Geostellar adversary proceeding, the Geostellar Trustee is suing Mr. Levine as a director and officer of Geostellar, outside of Mr. Levine's personal bankruptcy case. In the Geostellar adversary proceeding, the Levine Trustee has not stepped into Mr. Levine's shoes as the defendant, so it follows that Philadelphia's insurance policy does not extend to the Levine Trustee.

In sum, the bankruptcy judge found that the Trustee Plaintiffs could not assert an interest or an injury in fact sufficient to support standing. Accordingly, the bankruptcy judge denied the Trustee Plaintiffs' motion for injunctive relief. The bankruptcy judge

5

withheld from ruling on Philadelphia's motion to dismiss in her oral opinion at the October 28, 2021 hearing, but she later granted the motion to dismiss due to the Trustee Plaintiffs lack of standing, citing the same analysis where she found the Trustee Plaintiffs could not establish standing to request injunctive relief.

### B. Instant Appeal

On March 24, 2022, the Geostellar Trustee and the Levine Trustee jointly filed their Notice of Appeal from the United States Bankruptcy Court for the Northern District of West Virginia. ECF No. 1. The Appellants filed their Brief in this matter on May 20, 2022. ECF No. 10. Philadelphia, as Appellee, submitted its Brief in this matter on June 21, 2022. ECF No. 12. The Appellants filed their Reply on July 5, 2022. ECF No. 15.

In their Notice of Appeal, the Appellants state that they are appealing from the bankruptcy judge's order granting Philadelphia's motion to dismiss the adversary proceeding. ECF No. 1. In the Statement of Jurisdiction in the Appellants' brief, the Appellants assert that they are also appealing the denial of a preliminary injunction that occurred earlier in the underlying adversary proceeding. Then, in their Statement of Issues Presented for Review in their brief, the Appellants present five questions for this Court to resolve: (1) "Did the Complaint seeking a Declaratory Judgment and a Preliminary Injunction state a claim upon which relief could be granted?," (2) "Did the Court err in considering this adversary proceeding as a premature "bad faith" case?," (3) "Did Trustee Thomas H. Fluharty have standing to pursue the Complaint filed?," (4) "Did Trustee Martin P. Sheehan have standing to pursue the Complaint filed?," (5) "Should the requested preliminary injunction have been issued?". ECF No. 10 at 11.

The crux of the Appellants' argument in this matter asserts that the right to consent

to settle the litigation brought by Geostellar's Bankruptcy Estate became property of Mr. Levine's Bankruptcy Estate when Mr. Levine filed for bankruptcy. In support, the Appellants recount and heavily rely on In re Baird, 567 F.3d 1207 (10th Cir. 2009) in their brief, a case that was also presented to the bankruptcy judge during the underlying adversary proceeding. The Appellants argue that Philadelphia's policy should be included as part of the Levine Estate, and the Appellants cite to Baird in support.

The Appellants further allege that Mr. Levine has no economic interest in the litigation against him because he has been discharged. Instead, the Appellants contend that the Levine Estate needs protection and retains an economic interest in the litigation. The Appellants extend this argument to assert that it is the Levine Trustee that needs to control the power to consent to settle. If the Levine Estate possesses the right to consent, then the Levine Trustee has standing in the adversary proceeding below.

When arguing for the Geostellar Trustee's standing, the Appellants present a unique argument. First, the Appellants explain that the Geostellar Trustee was a proactive bankruptcy trustee and describe the actions he took after his appointment. The Appellants highlight that the Geostellar Trustee reached an agreement with Philadelphia to allow payment of defense costs from the policy in exchange for prompt mediation in the litigation against Mr. Levine.

However, when the Geostellar Trustee learned that both Philadelphia and Mr. Levine viewed Mr. Levine as holding the right to consent to settle under Philadelphia's policy, the Geostellar Trustee disagreed and asserted that the Levine Trustee held that right. The Appellants base the Geostellar Trustee's standing on this dispute and aver that the Geostellar Trustee has a contract to engage in prompt mediation. The Appellants

allege that the Geostellar Trustee acquired this contract from the Geostellar Estate. The Appellants insist that the Geostellar Trustee has standing in this case due to his contractual obligation to engage in mediation, citing Christian v. Sizemore, 181 W. Va. 628 (1989) in support.

Philadelphia, as Appellee, argues in its brief before the Court that neither Trustee had standing in the adversary proceeding below. First, the Appellee emphasizes that there are two separate bankruptcy proceedings, each with their own adversary proceedings: Geostellar's and the Levine's. The Geostellar adversary proceeding is part of Geostellar's bankruptcy, not the Levine bankruptcy, and the Levine bankruptcy underlies this appeal. The Appellee argues that the Levine Trustee has no interest in the litigation, and therefore no standing, because the Geostellar adversary proceeding is being litigated outside of the Levine bankruptcy proceeding and Mr. Levine is involved solely for the purpose of determining his liability.

Further, the Appellee argues that the Levine Trustee had no standing because the judgment in the Geostellar litigation against Mr. Levine is subject to the limits of Philadelphia's policy. If any judgment is rendered against Mr. Levine, it would be paid by the insurance policy, so the Appellee argues that the Levine Estate was not at risk. Further, for this reason, the Appellee argues that the Geostellar Trustee cannot seek any judgment from the Levine Estate.

Second, as it pertains to the Geostellar Trustee's standing, the Appellee also argues that the Geostellar Trustee lacked standing in the adversary proceeding below. The Appellee avers that the Geostellar Trustee, as a plaintiff, was not acting in the capacity of "first party" insured under Philadelphia's policy. Under West Virginia law, a

8

third-party claimant cannot levy a direct action against an insurer, unless and until a judgment has been rendered against the insured, which then would allow the third-party claimant to seek indemnity from the insurance company due to the judgment against the insured individual. The Appellee concedes that Geostellar itself is indeed an insured private company under Philadelphia's policy, but it is not acting as an insured party in the adversary proceeding below because it has sued its own director and officer, Mr. Levine. Further, no judgment has been rendered against Mr. Levine, making the Appellants claims merely speculative.

In its Reply Brief, the Appellants begin with a review of West Virginia law largely inapplicable to this case involving "concepts not really at issue in this case." ECF No. 15 at 6-10. In arguing for the Levine Trustee's standing, the Appellants reassert their argument that Mr. Levine has no economic risk in the underlying bankruptcy while the Levine Trustee is interested in the outcome. For the Geostellar Trustee, the Appellants insist that the Geostellar Trustee's promise to engage in mediation affords him standing in the underlying adversary proceeding. The Appellants also assert that the Geostellar Trustee is indeed a first party claimant because the Geostellar Trustee purchased an extension of Philadelphia's policy.

## II. Jurisdiction

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157." 28 U.S.C. § 158(a). To be "final," an order must "resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights" of a party to the bankruptcy case. In re Looney, 823 F.2d 788, 790 (4th Cir. 1987).

9

### III. Standards of Review

A district court sitting as a bankruptcy appellate court reviews "findings of fact only for clear error, but consider[s] the relevant legal questions de novo." In re Varat Enters., Inc., 81 F.3d 1310, 1314 (4th Cir. 1996). Therefore, when the parties do not dispute the relevant facts, the Court's review is de novo. See In re Jones, 591 F.3d 308, 310 (4th Cir. 2010). In the underlying proceeding, the bankruptcy court denied the Trustee Plaintiffs' motion for injunctive relief and granted the Defendants' motion to dismiss due to lack of standing, which is a purely legal issue.

The United States Court of Appeals for the Fourth Circuit recognized that "preliminary injunctions are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (internal quotation omitted). When a plaintiff seeks the extraordinary remedy of a preliminary injunction, the plaintiff must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. W.V. Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to assert "lack of subject matter jurisdiction" as a defense, and this rule applies in bankruptcy proceedings as well under Federal Rule of Bankruptcy Procedure 7012(b). Standing, or the lack thereof, directly pertains to a court's subject matter jurisdiction, so a motion to dismiss for lack of standing is properly brought as a motion to dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1). The issue of standing presents a "threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). Standing in federal court consists of three elements: (1) a plaintiff "must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical;" (2) a "causal connection between the injury and the conduct complained of;" and (3) it must "be likely, as opposed to merely speculative, that the injury" is redressable. Lujan v. Defenders of Wildlife, et al., 504 U.S. 555, 560-61 (1992). A plaintiff must be able to satisfy all three elements to possess standing.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge a complaint's sufficiency by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff

11

and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

## IV. Analysis

Despite the array of questions posited before this Court, the issue of standing is at the crux of this appeal. Thus, similar to the bankruptcy court, this Court begins its analysis by determining whether the Appellants had standing to initiate the underlying adversary proceeding or request injunctive relief. Without standing, the remaining questions before the Court simply cannot even be raised. Warth v. Seldin, 422 U.S. 490, 498 (1975). The first element of standing requires a plaintiff to "have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560-61. Neither Trustee in this proceeding has satisfactorily established an interest or injury in fact sufficient to support standing.

### A. Levine Trustee's Lack of Standing

The underlying adversary proceeding attempts to resolve the assignment of the right to consent to settlement provided by Philadelphia's policy. Prior to initiating its bankruptcy proceeding, Geostellar had purchased a director's and officer's liability policy from Philadelphia, which covered Mr. Levine in his roles as president, CEO, and founder

of Geostellar. After his appointment, the Geostellar Trustee purchased, on behalf of the Geostellar Estate, an extension of that existing policy.

The Levine Trustee wishes to exercise the consent to settlement right provided by Philadelphia's policy. However, the settlement, or lack thereof, of claims against Mr. Levine in the Geostellar proceeding will not have any effect whatsoever on the Levine bankruptcy proceeding. Geostellar's lawsuit against Mr. Levine is an adversary proceeding in the Geostellar bankruptcy, not the Levine bankruptcy; yet the Appellants try to conflate and combine the underlying proceedings in this matter in an attempt to assert standing.

Indeed, Philadelphia's policy is a director's and officer's policy, which protects Mr. Levine in his capacity as a director or officer. The policy does not provide any coverage for Mr. Levine personally; further, Mr. Levine did not purchase the policy. The coverage provided to Mr. Levine will not result in funds for his personal creditors. Any funds recovered against Mr. Levine in the Geostellar adversary proceeding will instead be directed into Geostellar's Bankruptcy Estate. The Geostellar lawsuit is proceeding separate from and outside of the Levine bankruptcy proceeding, and Mr. Levine is only involved for the purpose of determining his liability, which will be indemnified by a third party, Philadelphia. Therefore, the Levine Trustee simply has no interest in the Geostellar adversary proceeding.

Most importantly, the Levine Trustee has failed to allege a sufficient injury in the underlying adversary proceeding. Upon review, the Court struggles to find any actual or concrete injury alleged in the Complaint. Mainly, the Levine Trustee claims that he is unable to perform his duties due to the parties' disagreement over who holds the right to

consent to settle. Notably, there is no allegation whatsoever that a failure to compel settlement of that matter will result in any injury to any party. At the time of filing, any claims pertaining to the resolution of the Geostellar lawsuit are purely hypothetical. Indeed, there is no threat of monetary injury to the Levine Estate in the Geostellar adversary proceeding. As noted by the bankruptcy judge, "[l]iterally nothing about the decision as to who controls settlement consent will have any effect on the Levine estate." ECF No. 53 at 20 in 3:21-ap-19.

In both the adversary proceeding below and in the instant appeal, the Appellants rely heavily on Baird to establish standing for the Levine Trustee, as well as a likelihood of success on the merits of their claims. 567 F.3d 1207 (10th Cir. 2009). This Court, as the bankruptcy court did below, disagrees. First, as precedent set by the United States Court of Appeals for the Tenth Circuit, it is not binding on this court. Second, the factual background of Baird is starkly different from the case before the Court. In Baird, the parents of an infant who suffered injury during delivery sued their doctor for malpractice. During the malpractice litigation, the doctor filed for bankruptcy protection. The parents then filed suit in federal district court seeking a declaration that the right to settle was part of the bankruptcy estate.

Not only are the underlying facts of Baird distinguishable, but more importantly, the policies at issue in each case are significantly distinct. In Baird, the doctor personally purchased a medical malpractice policy that insured him individually. Here, Mr. Levine did not purchase the policy from Philadelphia, and the policy does not insure him individually. Had Mr. Levine himself purchased a policy that insured him individually, then that policy, and the rights encompassed therein, would properly be characterized as part

14

of his personal assets and transferred to the Levine Trustee. However, those are simply not the facts of the matter before the Court. The policy was purchased by Geostellar and was purchased for the directors and officers of Geostellar, of which Mr. Levine is but one. Lastly, the assignability in Baird was governed by Utah state law, while the assignability in the matter before the Court is governed by West Virginia state law. Therefore, the Court does not find any part of the precedent set in Baird persuasive in this matter.

Accordingly, the Court finds that the Levine Trustee lacked standing to initiate the adversary proceeding below and lacked standing to request injunctive relief. For the same reasons that the Levine Trustee failed to establish an injury in fact in the adversary proceeding, the Court finds that the Levine Trustee similarly failed to establish a risk of an imminent irreparable injury to justify injunctive relief.

**B. Geostellar Trustee's Lack of Standing**

The Appellants' argument in support of standing for the Geostellar Trustee suffers a similar fatal flaw as to that of the Levine Trustee in that the Appellants conflate and combine the underlying proceedings in this matter in an attempt to assert standing. Indeed, the only basis for standing provided by the Geostellar Trustee in the underlying proceeding centers on the Geostellar Trustee's adversary proceeding against Mr. Levine in the Geostellar bankruptcy. However, this does not establish standing in the underlying Levine bankruptcy proceeding.

All parties agree that under West Virginia precedent, an injured party has no standing to file suit directly against a tortfeasor's insurer, subject to two exceptions. Robinson v. Cabell Huntington Hosp. Inc., 201 W.Va. 455 (1997); Christian v. Sizemore, 181 W.Va. 628 (1989). The first exception applies when a judgement has been rendered,

but the insurer has refused to pay. Robinson, 201 W. Va. at 460. The second exception allows an injured claimant to file for a declaratory judgment against the insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action when the insurer has denied coverage. Id.

Here, neither exception applies. First, there is no allegation or evidence before the Court that a judgment has been rendered that Philadelphia refuses to pay. Second, there is no evidence that Philadelphia has denied coverage. However, the Appellants contend that the Appellees and the bankruptcy court take too narrow a view of the second exception by placing undue emphasis on the requirement that the insurer must have denied coverage first before the claimant can pursue declaratory judgment. The Appellants assert that the parties' dispute about the application of the consent provision in the bankruptcy context could set the stage for meaningful resolution of the dispute. The Appellants concede that their claims are not a dispute about coverage but still aver "as lawyers say" that the precedent established in Christian is on point and in support of their position. ECF No. 10 at 40. This Court does not find the Appellants argument persuasive. The bankruptcy court did not read the exception too narrowly; the court read the exception in a manner that gives the exception meaning.

This Court similarly finds that the exception is predicated on the insurer denying coverage, which has not occurred in this case. The Geostellar Trustee did not allege that Philadelphia denied covered for Mr. Levine in the Geostellar proceedings. While coverage issues may at some future point exist, if and when liability is determined, the below adversary proceeding is not poised to resolve a coverage question. Therefore, it follows that neither exception applies, and the Geostellar Trustee cannot base its standing in the

underlying adversary proceeding on either exception.

Further, Geostellar itself does not face liability in the Geostellar adversary proceeding. Here, in the Levine adversary proceeding, the Geostellar Trustee is improperly acting as a third-party claimant, which is prohibited by West Virginia state law. While Geostellar itself is indeed an insured private company under Philadelphia's policy, it is not acting as an insured party in the adversary proceeding below because it has sued its own director and officer, Mr. Levine. The Geostellar Trustee, as a mere claimant against Levine, has no right to bring a direct action against Philadelphia. The Geostellar Trustee is not yet a judgment creditor and the liability of Mr. Levine has not been established, which is a prerequisite for a claimant to bring a claim directly against an insurer.

In terms of harm, the Geostellar Trustee alleges that because the policy insuring Mr. Levine is an eroding policy, providing a defense for Mr. Levine will reduce the limit of liability available to satisfy a judgment, at some point, if a judgment is rendered in favor of the Geostellar Estate in the Geostellar proceedings. However, as the bankruptcy court found, this concern does not rise to the level of injury sufficient to establish standing as it is far too speculative. There is simply no evidence that the policy is too small to cover a defense and judgment. Furthermore, Geostellar purchased an eroding policy and is only entitled to the coverage that it purchased, regardless of whether Geostellar or the Geostellar Trustee is now experiencing buyer's remorse.

Lastly, the Appellants claim that the Geostellar Trustee entered into a contract with Philadelphia to participate in a prompt mediation in the Geostellar bankruptcy proceeding. The Appellants aver that the Geostellar Trustee has standing to request injunctive relief

in this matter based on this contract. The Appellants further avow that Mr. Levine and Philadelphia have thwarted mediation by asserting that Mr. Levine possesses the right to consent to settle.

However, any issue with the proper execution of mediation in the Geostellar bankruptcy proceeding should be raised in the Geostellar bankruptcy proceeding, not Mr. Levine's personal bankruptcy proceeding. The Court finds that the agreement between the Geostellar Trustee and Philadelphia to mediate in the Geostellar bankruptcy proceeding does not confer standing in the adversary proceeding below, which stems from the Levines bankruptcy proceeding. Moreover, it does not appear that mediation has been thwarted. Instead, it appears that the Geostellar Trustee has refused to engage in mediation due to Mr. Levine's participation and attempts to place blame on Philadelphia for the Trustee's own self-sabotage.

Accordingly, the Court finds that the Geostellar Trustee lacked standing to initiate the underlying adversary proceeding attached to the Levine bankruptcy. For the same reasons that he failed to establish an interest or injury in fact in the adversary proceeding, the Court finds that the Geostellar Trustee similarly failed to establish a risk of an imminent irreparable injury to justify injunctive relief. Thus, having found that neither Appellant had standing to initiate the adversary proceeding below, or to request injunctive relief, the Court finds that the bankruptcy court properly denied the motion for injunctive relief and granted the motion to dismiss for lack of standing.

### V. Conclusion

For the reasons discussed above, this Court **AFFIRMS** the United States Bankruptcy Court for the Northern District of West Virginia's November 2, 2021 Order Denying Plaintiffs' Motion for Preliminary Injunction and March 21, 2022 Order Granting

Motion to Dismiss Adversary Proceeding in 3:21-ap-00019.

The Clerk of Court is **DIRECTED** to remove this action from the Court's active docket.

The Clerk is **FURTHER DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: March 10, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE